of Goldberg's brother-in-law, one of the owners of the premises. So far as the evidence shows, the plaintiff himself, to quote his own language, was "the boss of the job," and Goldberg's sole relation to the work was in the rendition of services. In Leggett v. Hyde, 58 N. Y. 272, 17 Am. Rep. 244, the court, per Folger, J., say:

"And so Mr. Parsons, in his book on Partnership, quoting Lord Eldon, Ex parte Hamper: 'But if he has a specific interest in the profits themselves, as profits, he is a partner,' and adds, 'undoubtedly he is; every principle of the law of partnership leads to this conclusion.' He contends, however, that the specific interest in profits, which is to make a person a partner, must be a proprietary interest in them, existing before the division of them into shares. See, also, 3 Kent's Commentaries, *25, note b, where it is said: 'The test of partnership is a community of profits; a specific interest in the profits as a compensation for services.' The courts of this state have always adhered to this doctrine and applied or recognized it in the cases coming before them."

I think, then, that Goldberg was not to be regarded as a partner. If this is so, it is immaterial what he sought to do as a partner without either the authority, the assent, or the ratification of the plaintiff. Under these circumstances Goldberg had no concern with the lien filed by the plaintiff and prosecuted by him, and Goldberg's claim for any part of his compensation unpaid is against the plaintiff, and not against the defendants. If the plaintiff saw fit to consent that his lien should be reduced in its amount, that is his own concern.

I advise that the judgment be affirmed, with costs. All concur.

---

### BUCHHOLZ–HILL TRANSP. CO. v. BAXTER.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. JUDGMENT (§ 829*)—RES JUDICATA—ERRONEOUS JUDGMENT.

    In an action in the United States court against the owner of a sunken barge for damages to a tug by collision with the wreck, the barge owner brought in as defendant one B., who had contracted to mark the wreck as required by law. The trial court held the barge liable, but dismissed the case against B., "not on the merits," holding that his liability must be fixed in a separate action. On appeal to the Circuit Court of Appeals, the case being tried de novo on the same evidence, that court decided that B. was not liable, and affirmed the lower court, but, on motion of the barge owner, modified its opinion, and ordered an affirmance without prejudice to another. action against B., to which the mandate and judgment below conformed. Held, in an action by the barge owner against B. in the state court, that the judgment of the federal court, as disclosed by the later opinion in the appellate court and the mandate and the judgment below in accordance therewith, were conclusive in the state court that the former judgment was not on the merits, so that it was no bar to the action in the state court; and hence B. could not show aliunde that in reconsidering its decision the federal court had done something which under proper practice it had no right to do.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1510–1515; Dec. Dig. § 829.*]

2. EVIDENCE (§ 148*)—COMPETENCY—NATURE AND SOURCE OF EVIDENCE—CONVERSATION BY TELEPHONE—TO WHAT PARTIES MAY TESTIFY.

    Where parties have a conversation by telephone, the parties, in testifying as to what was said during such conversation, may each testify as to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

what he said, as well as to what he heard, in this way making the evidence intelligible by bringing out the entire conversation.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 148.*]

Appeal from Trial Term, Nassau County.

Action by the Buchholz-Hill Transportation Company against John F. Baxter. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and CARR, JJ.

Norman B. Beecher (Charles C. Burlingham and Sidney P. Henshaw, on the brief), for appellant.

Pierre M. Brown, for respondent.

THOMAS, J. The plaintiff's barge Macy was sunk in the North River on February 12, 1907, and on February 14th the tug Hiawatha collided with the wreck, whereupon, to recover damages for the injury, her owners libeled the Macy in the District Court for the Southern District of New York, for negligent failure to mark immediately the place where the Macy sank, in the manner prescribed by the federal statute (Act March 3, 1899, c. 425, § 15, 30 Stat. 1152). The plaintiff here, respondent there, pursuant to the fifty-ninth rule in admiralty, brought in Baxter, the present defendant, alleging that by contract between them the latter agreed to perform the statutory duty of marking the place of the wreck, and to raise her. The District Court, after hearing the case on the merits, decreed that the Macy was liable for the injury to the Hiawatha, but dismissed the petition bringing in Baxter, "not upon the merits, it being considered that the question of the liability of" Baxter "must be determined in a separate action." Thereupon the present plaintiff appealed to the United States Circuit Court of Appeals, where the action was heard upon the merits on the same evidence, and that court, as appears from the opinion, considered that on the merits Baxter did not undertake to perform the statutory duty of marking the wreck, thereby impliedly deciding that Baxter was before the court under the fifty-ninth rule. The opinion stated:

"The decree of the District Court is affirmed, with interest, and with costs to Baxter against the Macy."

Had the mandate followed the opinion, a decree entered pursuant thereto without question would estop the plaintiff in the action at bar. Pending the issuance of the mandate on the decision, the court, upon plaintiff's motion and hearing thereof, adjudged:

"That the decree of said District Court be and it hereby is affirmed, * * * but without prejudice to the bringing of a new action by appellant against the said John F. Baxter for the relief prayed for in its petition against said Baxter."

And the mandate accorded with such order. Thereupon a decree obedient to the mandate was entered in the District Court. The hearing in the appellate court was a trial de novo. It in the first instance

decided the issue on the merits and in favor of the present defendant.· Its judgment should have followed its opinion, provided it continued to express its decision. It was moved to a reconsideration, and without further opinion adjudged that the decree below should be affirmed, which was a decree dismissing, but not on the merits, the petition, and that the affirmance should not prejudice the plaintiff's right to bring a new action on the merits, or, in other words, that it should not operate as an estoppel.

It is not for this court to affirm that the United States Circuit Court of Appeals did something that under the federal practice it had no right to do. It was within its power to reconsider its decision and determine that the petition should be dismissed, but not on the merits, and it was not constrained to express its changed view in an opinion or other writing; but it did indicate its consideration of the matter by adjudging that the decree should be dismissed, not on the merits, in unequivocal language, and so its decree and that of the District Court stands. It is not the duty of this court to revise it, or to determine that some other or different decree should be entered, or that ·it does not mean what it states, or that its effect and scope should be what the opinion, if preserved as the decision of the court, would ascribe to it. Assume that the United States Circuit Court of Appeals had in its opinion concluded that Baxter was properly brought in, was not liable, and had, in manifest excess of power, ordered a new trial in the District Court. This court could not refashion its decree to fit its decision. What its decree is, it is, whether founded on error in practice or in decision, and back to the court that made it Baxter should have gone, if he would have its decree conformed to an alleged finding.

The appellant was properly denied in his attempt to show aliunde that the federal decree was an estoppel, for the reason that all he wished to introduce in that behalf is not effective for that purpose. The fact of what was litigated is not in doubt, nor is it questionable that the United States Circuit Court of Appeals primarily decided the merits fully in Baxter's favor, but what it did afterwards shows that it either changed its conclusion and decision, or ordered a decree to be entered thereon that did not adjudge as it had found. If it changed its view, this court cannot assail its judgment embodying its decision thereon. If it made the same decision, but did not make a decree to fit it, this court cannot make over its decree to carry out its decision. But whether or not it changed its decision can only be known from its decree, mandate, and the decree below, and they show that they dismissed the action not on the merits. The question whether Baxter agreed to buoy the wreck in fulfillment of the statute, in connection with his contract to raise it; was a question of fact; and it is considered that the verdict is not against the weight of evidence, in the sense that justifies this court in granting a new trial.

The objection that what Hill said to Baxter through the telephone was not admissible is untenable. The telephone has become a common means of communication between persons not face to face. The appellant's proposition is that, if A. and B. concededly have a conversa-

tion over a telephone, A. can testify only to what he heard, and B. to only what he heard, and that neither can testify to what he said. Such rule would admit fragments of conversation, maybe meaningless, and probably uninstructive. The conversation—that is, what one said and the other replied—is the only intelligible and helpful evidence.

The judgment and order should be affirmed, with costs. All concur.

---

NEW YORK CENT. & H. R. R. CO. v. VILLAGE OF OSSINING et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. DEDICATION (§ 15*)—HIGHWAYS—ACTS CONSTITUTING "DEDICATION"—INTENT.

The acts and declarations of an owner, to constitute a "dedication" of land for a street, must be deliberate, unequivocal, and decisive, manifesting a positive and unmistakable intent to permanently abandon land to the specific public use; and where he does so an estoppel in pais operates against him.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 13; Dec. Dig. § 15.*

For other definitions, see Words and Phrases, vol. 2, pp. 1908–1918; vol. 8, pp. 7629, 7630.]

2. DEDICATION (§ 20*)—HIGHWAYS—ACTS CONSTITUTING DEDICATION.

An owner who opens a private way for his own use, and who permits the public to travel over it for many years, as if a highway, does not thereby show an intent to dedicate the land for a highway.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 26; Dec. Dig. § 20.*]

3. DEDICATION (§ 44*)—HIGHWAYS—EVIDENCE—SUFFICIENCY.

Evidence *held* not to show an intent to dedicate land for a highway.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 85; Dec. Dig. § 44.*]

Thomas, J., dissenting.

Appeal from Special Term, Westchester County.

