I advise that the judgment of conviction be reversed and that a new trial be granted.

CULLEN, Ch., J., HAIGHT, VANN, WERNER and COLLIN, JJ., concur; HISCOCK, J., absent.

Judgment of conviction reversed, etc.

---

BUCHHOLZ-HILL TRANSPORTATION COMPANY, Respondent, *v.* JOHN F. BAXTER, Appellant.

Judgment — former adjudication — when decree of Federal courts not a bar to action in courts of this state, although cause of action based on same facts as those involved in Federal action.

The District Court of the United States awarded damages for injury to a vessel by a submerged canal boat, which was not marked with a buoy as required by law, as against the owner of the boat, but

dismissed the suit as against the contractor who it was alleged had agreed to mark the wreck. The Circuit Court of Appeals affirmed such decree, but "without prejudice" to the bringing of an action by the owner of the sunken canal boat against the contractor for his failure to place a buoy thereon, and thereafter the owner brought such an action against the contractor in the courts of this state. *Held*, that the decree of the United States courts is not a bar to the action, although such courts were of the opinion that the contractor had not in fact undertaken to buoy the wrecked canal boat. The Circuit Court by affirming the decree "without prejudice" intentionally restricted the effect of the decree, and the courts of this state ought not to give it an effect as a former adjudication, which would be denied to it by the Federal courts themselves.

*Buchholz-Hill Transportation Co.* v. *Baxter*, 142 App. Div. 25, affirmed.

(Argued June 21, 1912; decided June 29, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 12, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norman B. Beecher* and *Ray Rood Allen* for appellant. The trial court erred in refusing to admit in evidence the transcript of the record in the United States Circuit Court of Appeals and the opinion of that court. (*Cahill* v. *S. M. Ins. Co.*, 204 N. Y. 190; *Carlton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137; *Clark* v. *Scovill*, 198 N. Y. 279; *Doty* v. *Brown*, 4 N. Y. 71; *Kerr* v. *Hays*, 35 N. Y. 331; *Smith* v. *Smith*, 79 N. Y. 634; *Adams* v. *Conover*, 87 N. Y. 422.) The provision in the mandate of the Circuit Court of Appeals that its decree in favor of the defendant was without prejudice to the bringing of a new action by the plaintiff does not relieve the plaintiff from the effect of the decision of that court as *res adjudicata* of the issues in this action. (*Bost-*

*wick* v. *Abbott,* 40 Barb. 331; *Prondzinski* v. *Gar-butt,* 9 N. D. 239; *Deeley* v. *Heintz,* 169 N. Y. 129; *Clark* v. *Scovill,* 198 N. Y. 279; *Jones* v. *Gould,* 145 App. Div. 271.)

*Pierre M. Brown* for respondent. The Circuit Court decision has no application. But even if the cases were parallel and the Circuit Court, without any application to it and without any modification of its opinion, had passed a decree in accordance with the opinion, and arbitrarily added a provision allowing a new action, the decree would not be *res adjudicuta.* (2 Black on Judgments [2d ed.], § 721; *N. P. Ry. Co.* v. *St. P. Ry. Co.,* 47 Fed. Rep. 536; *Thurston* v. *Thurston,* 99 Mass. 39; *Gunn* v. *Peakes,* 36 Minn. 177; *Long* v. *Long,* 141 Mo. 352; *Gore* v. *Lyford,* 44 N. H. 525; *O'Keife* v. *Irvington Co.,* 87 Md. 196; *Smith* v. *Wood Transp. Co.,* 103 Fed. Rep. 685; *The Corbonero,* 106 Fed. Rep. 329; *Fairgrave* v. *M. Ins. Co.,* 112 Fed. Rep. 364.)

WILLARD BARTLETT, J. In this action the plaintiff has recovered damages against the defendant for his failure to fulfill the obligation of a contract whereby he undertook to mark with a buoy or other suitable beacon the place in the North river where a canal boat belonging to the plaintiff had sunk. In consequence of the failure to buoy the wreck, as required by the laws of the United States, the plaintiff was adjudged liable for the injuries sustained by a tug belonging to other parties which was sunk by collision with the submerged canal boat. This liability was enforced by a suit in admiralty to which the defendant in the present action was made a party upon an allegation that he had contracted to perform the statutory duty of marking the place of the wreck. The United States District Court awarded damages against the Buchholz-Hill Transportation Company for the sinking of the tug but dismissed the proceeding as against

John F. Baxter on the ground that his liability should be determined in a separate action. An appeal was taken by the Buchholz-Hill Transportation Company to the United States Circuit Court of Appeals, where the decree of the District Court was affirmed.

The only question which has been discussed upon the argument of the present appeal is whether this judgment of affirmance in the United States Circuit Court of Appeals should have been received in evidence as proof of a former adjudication fatal to the plaintiff's claim. The judge who tried the case in the District Court, although he dismissed the petition to bring in Baxter as a party, nevertheless expressed the opinion that Baxter had not in fact undertaken to buoy the wrecked canal boat; and the opinion in the Circuit Court of Appeals, where under the Federal practice all the evidence was considered *de novo*, shows that the judges of that tribunal entertained the same view so far as Baxter's liability was concerned. It seems that such an opinion in a Federal court is deemed equivalent to a decision containing findings in a state court (*Cahill* v. *Standard Marine Ins. Co.*, 204 N. Y. 190); and that if in the case under consideration it had been followed by a simple decree of affirmance the adjudication would have been conclusive against the claim prosecuted by the plaintiff in the present action. The United States Circuit Court of Appeals, however, before any mandate had been issued upon its decision entertained an application by the Buchholz-Hill Transportation Company as to the form of its decree and the decree was worded so as to order an affirmance of the decree of the District Court "but without prejudice to the bringing of a new action by appellant [the Buchholz-Hill Transportation Company] against the said John F. Baxter for the relief prayed for in its petition against said Baxter."

The Appellate Division has held, as we think rightly, that the effect of this language was to prevent the decree

in the admiralty suit from being available to the defendant under his plea of former adjudication.

The phraseology thus limiting the effect of the decree is analogous to that of a decree in equity which dismisses the bill without prejudice. "Where a bill in equity is dismissed without prejudice," says Mr. Black in his well-known treatise on the Law of Judgments, "the effect of the reservation is to prevent the decree from constituting a bar to another suit brought upon the same subject-matter;" and he points out that it makes no difference that the court erred in dismissing the bill without prejudice when it ought to have been dismissed finally upon the merits, for if the decree is void for want of authority to make the reservation there is no valid adjudication to stand in the way of a new suit, and if the reservation is merely irregular or erroneous it can only be corrected on appeal and until so corrected must stand as rendered. (2 Black on Judgments [2nd ed.], § 721.) A decision without prejudice has been declared to be like a non-suit in a common-law action. (*Northern Pacific R. Co.* v. *St. Paul, M. & M. Ry. Co.*, 47 Fed. Rep. 536.) In *O'Keefe* v. *Irvington R. E. Co.* (87 Md. 196) the Supreme Court of Maryland declares that it is clearly the purpose as well as the effect of using the words "without prejudice" in a decree to prevent the defendants from availing themselves of the defense of *res adjudicata* in any subsequent proceeding by the same plaintiffs on the same subject-matter; and many decisions to the same effect are cited in that case. In addition to them we may refer to *Hazen* v. *Lyndonville Bank* (70 Vt. 543), where it is said: "A decree in equity dismissing the bill, without prejudice, only puts an end to the suit then pending and is not a bar to a subsequent suit for the same cause of action." In Massachusetts it is held that a declaration in a decree for divorce dismissing the libel without prejudice imports that it is not intended to be a bar to a new libel for the same cause. (*Thurston* v. *Thurston*, 99 Mass. 39.)

12

We think that the same implication is involved in the language used by the United States Circuit Court of Appeals in affirming the judgment in the admiralty suit without prejudice. It is argued in behalf of the appellant that this limitation in the decree of affirmance does not affect the finding of fact contained in the opinion to the effect that Baxter had not contracted to buoy the wreck. But is this the necessary or fair inference to be drawn from the action of the Circuit Court of Appeals? We think not. The insertion of the provision in the decree limiting its effect so far as Baxter was concerned is equally consistent with a conclusion on the part of the Circuit Court that the judges had not heard this branch of the case fully enough to be able to decide it justly and, therefore, preferred to leave it open for future adjudication. At all events they chose thus to restrict the operation of their judgment; it is plain that they did this intentionally and with careful consideration; and the courts of this state ought not to give to the decree of a Federal court an effect as a former adjudication which would be denied to such decree by the Federal courts themselves.

For these reasons, in addition to those stated by Mr. Justice THOMAS in the opinion of the Appellate Division, we think that the judgment should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and CHASE, JJ., concur; GRAY, J., absent.

Judgment affirmed.