## BAXTER *v.* BUCHHOLZ-HILL TRANSPORTATION COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 882. Submitted February 24, 1913.—Decided March 10, 1913.

The decree in a case is the dominant act and cannot be given a greater effect than it purports to have and than would be warranted by the opinion that the court finally reached.

The fact that a court in dismissing a libel without prejudice to a new suit expressed a decision on the merits, which it afterwards, on motion, excluded, does not make the decree as finally entered a decision on the merits.

While a matter is still in its breast. the court may change its opinion and do so by changing the decree.

Writ of error to review, 206 N. Y: 173, dismissed.

THE facts are stated in the opinion.

*Mr. Arthur English,* for defendant in error, in support of motion to dismiss or affirm.

*Mr. Charles C. Burlingham, Mr. Norman B. Beecher* and *Mr. Ray Rood Allen* for plaintiff in error, in opposition thereto.

Memorandum opinion by direction of the court. By MR. JUSTICE HOLMES.

This is an action brought by the Buchholz-Hill Transportation Company, defendant in error, against Baxter for failing to use due diligence in locating and marking a sunken coal barge with a buoy, as he had agreed to, by reason of which failure a tug ran into the wreck and was sunk. It is alleged that the owners of the tug libelled the barge in the admiralty, that the Buchholz-Hill Company answered and filed a petition to bring in Baxter under the 59th Admiralty Rule, that the District Court entered a decree against the barge but gave costs to Baxter without prejudice to a new action against him; and that the Circuit Court of Appeals affirmed the decree. The defendant set up the decree dismissing the libel as against him, alleging that the decision was upon the merits and that the decree, in so far as it purported to be without prejudice, was not warranted by law. The Appellate Division and the Court of Appeals both held the plea bad. 142 App. Div. 25. 206 N. Y. 173.

The defendant relies upon the fact that the Circuit Court of Appeals in its opinion expressed a decision upon the merits. *The Macy,* 96 C. C. A. 146. 170 Fed. Rep. 930. But upon motion it so far changed its view as to exclude such a decision and to leave it open to the company to bring a new action. The matter was still in the breast of the court; it was free to change its opinion if it saw fit, and it was free to do so by changing the decree without delivering a new opinion to explain what the decree made manifest. If it thought, rightly or wrongly, that the collateral question of the present defendant's liability could not be tried in that case, it properly embodied its decision in the decree. The decree is the dominant act and cannot be given a greater effect than it purports to have and than would be warranted by the opinion that the court finally reached.

*Writ of error dismissed.*