In the Matter of the Petition of WILEY G. OVERTON and LOTTIE GREEN to Render and Settle Their Account as Administrator and Administratrix of the Estate of HANNAH E. TAYLOR, Deceased. SAMUEL F. EDMEAD, Appellant; FREDERICK H. CHASE, Respondent.— Order of the Surrogate's Court of Kings county adjudging appellant Edmead guilty of contempt affirmed, with ten dollars costs and disbursements. No opinion. The record and all proceedings herein are referred to the Brooklyn Bar Association for appropriate action. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

K. & S. SALES COMPANY, Appellant, v. PAUL KLEINMAN, Respondent.— Judgment reversed upon the law and the facts and new trial granted, costs to appellant to abide the event. There is no proof in the case that the merchandise sold was intended by the parties to be used in connection with the gambling device in question. A new trial is granted for the purpose of ascertaining the conditions and circumstances under which the goods were bought. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

SAMUEL KAPLAN, Appellant, v. FANNY BLOCH and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky P. J., Rich, Kapper, Hagarty and Scudder, JJ.

LAFAYETTE LUMBER CO., INC., and BRIGHTON LUMBER & TRIM CO., INC., Appellants, v. JOSEPH SELVESTER, Defendant, and ROSE GUINAN, Respondent.— Order affirmed, without costs. While it is not necessary that a creditor obtain a judgment against his debtor and have an execution returned unsatisfied before he can proceed to have a fraudulent conveyance by the debtor set aside under the provisions of sections 270–281 of the Debtor and Creditor Law, which were added by chapter 254 of the Laws of 1925 (American Surety Co. v. Conner, 225 App. Div. 137), there is no allegation in the complaint that by the conveyances defendant Selvester has so stripped himself of his property as to be unable to pay his obligations to the plaintiffs. To the contrary, the allegation is (paragraph 10 of complaint) " that the above described real property constitutes all of such property owned by the said defendant, Joseph Selvester, on the said 14th day of August, 1928, and that he has owned other property, real or personal, sufficient to satisfy the above-mentioned indebtedness to the plaintiffs herein." The complaint does not state a cause of action. (Kauffman v. Simis, 156 App. Div. 208; Marpret Construction Corporation v. Hargust Land Corporation, 214 id. 792; Mount Vernon Company, Silversmiths, Inc., v. Mount Vernon Metal Products Company, Inc., 202 id. 753.) Rich, Kapper, Hagarty and Scudder, JJ., concur; Lazansky, P. J., dissents upon the ground that the action affects real property and the court has no power to cancel the lis pendens merely because the complaint is insufficient.