## FRICK CO. v. RUBEL CORPORATION.

### No. 5100.

District Court, E. D. New York.
June 9, 1932.

Wise & Seligsberg, of New York City (Leon Lauterstein, of New York City, of counsel), for plaintiff.

Jacob A. Freedman, of Brooklyn, N. Y. (Irving C. Maltz, of Brooklyn, N. Y., of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant to dismiss the complaint upon the ground that the court has no jurisdiction of the subject of the action and that there is an existing final judgment of this court which is a bar to the maintenance of the present action, and upon the further ground that the complaint does not state facts sufficient to constitute a cause of action.

In this case diversity of citizenship is alleged in the complaint. The plaintiff seeks to recover $7,664.14, under a contract between the plaintiff and the defendant by the terms of which the defendant agreed to pay the reasonable value of legal services and expenses necessarily incurred by the plaintiff in procuring the purchase price not exceeding 5 per cent. of the fund so found to be due.

A judgment was procured in this court in favor of the plaintiff and against the defendant in the sum of $153,282.29, being the amount found in said action to be due and owing from the defendant to the plaintiff on five causes of action.

The complaint alleges $7,664.14, which is 5 per cent. of $153,282.29, as the reasonable value of the services rendered by the plaintiff's attorneys to the plaintiff in the action which resulted in a judgment for $153,282.29.

There were two contracts for the sale and erection of machinery. The purchase price under the first contract was $160,000, and under the second contract the purchase price was $72,500. Both contracts contained the following provisions:

"Settlement is to be fully completed upon completion of erection, at which time all installments of the purchase price not then due and payable shall be evidenced by negotiable acceptances or notes, with interest at 6% per annum from date until paid."

"In case Seller is compelled to place this contract in the hands of an attorney in order to procure settlement in accordance with the terms thereof, the Buyer agrees to pay, in addition to the amount found to be due the Seller, all expenses and attorneys' fees incurred by it to effect settlement not exceeding 5% of the fund so found to be due."

The contracts contained further provision for liquidated damages caused by the buyer's delay and default in refusing to accept the machinery at the stipulated time. The complaint alleges that the defendant refused to make settlement upon the contract, and that the plaintiff was compelled to retain

attorneys to bring an action in this court. The complaint in said action contains six separate and distinct causes of action and is based upon the two contracts. The sixth separate cause of action was based upon the stipulation to which reference has been made which required the defendant to pay the plaintiff's attorney's fees and expenses in order to procure settlement by the defendant to the plaintiff of the amount which plaintiff claimed to be due it under the contract. Upon the opening of the trial upon said six causes of action, the sixth cause of action for attorney's fees and expenses was withdrawn by the plaintiff without prejudice by consent of counsel for both parties and with leave of court. The trial proceeded on the other five causes of action, and judgment was duly entered on the verdict. The judgment recites: " * * * And the sixth cause of action alleged in the complaint herein having been withdrawn by the plaintiff, without prejudice, by consent of counsel for both parties and with leave of the Court. * * * "

The defendant claims that no recovery can be had in this action, for the reason that the judgment obtained on the five causes of action is a bar to this action, and that plaintiff seeks in this action to split a cause of action.

The plaintiff contends that this action for legal services and disbursements is a separate and distinct cause of action from that arising on the covenant to pay the purchase price of the machinery, and that this action is not barred by the judgment on the five causes of action.

Where covenants are divisible, as in this case, the breach of each covenant gives rise to a separate cause of action, and the party damaged may sue for the several breaches by joining the several causes of action in one complaint or sue upon them separately and successively. Perry v. Dickerson, 85 N. Y. 345, 349, 350, 39 Am. Rep. 663; Beltz v. Great Western Lead Mfg. Co. (D. C.) 251 F. 696, 700; Land v. Ferro-Concrete Construction Co. (D. C.) 221 F. 433, 437; Smith Bros., Inc., v. Stern (Sup.) 148 N. Y. S. 1; Meth v. Butler & Herrman (Sup.) 126 N. Y. S. 656; and Wilson Sewing Machine Co. v. Moreno et al. (C. C.) 7 F. 806.

The defendant by consenting to the withdrawal of the sixth cause of action without prejudice and with leave of the court waived the right to claim that this action is barred. The use of the words "without prejudice" indicates that the parties did not intend that the discontinuance of the sixth cause of action should act as a bar to a subsequent action on the subject-matter embraced in the sixth cause of action. Claflin & Kimball v. Mather Electric Co. (C. C. A.) 98 F. 699, 701; Flanders v. Canada, Atlantic & Plant S. S. Co. (C. C.) 161 F. 378; Southern Pacific Railway Co. v. United States (C. C. A.) 186 F. 737, 742, and Land v. Ferro-Concrete Construction Co. (D. C.) 221 F. 433, 438; Buchholz-Hill Transp. Co. v. Baxter, 206 N. Y. 173, 99 N. E. 180, Ann. Cas. 1914A, 1105; Globe Indemnity Co. v. Sulpho-Saline Bath Co. (C. C. A.) 299 F. 219, and Graff Furnace Co. v. Scranton Coal Co. (C. C. A.) 266 F. 798, 803.

The motion to dismiss the complaint is denied.