208

## MELOY v. FINBERS REALTY CO., Inc.
### No. 5617.

Court of Appeals of the District of Columbia.
Submitted Jan. 5, 1933.
Decided June 12, 1933.

John Paul Earnest, George B. Springston, and Herman Miller, all of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The declaration claims $4,000 for legal services alleged to have been performed by the plaintiff for the defendant, and is accompanied by the usual affidavit of merit.

■ The defendant failed to file a timely plea; judgment was taken by default for the amount claimed; was set aside on motion; and this appeal is taken from the order setting aside the default, the theory of the appeal apparently being that the judgment in favor of the plaintiff was property of the plaintiff, not only affected but extinguished by an interlocutory order of the court, and thus appealable under the Code.

But even if the matter were here upon a special appeal duly allowed, the order vacating the judgment would have to be affirmed.

On November 11th the time to plead expired; November 12th the judgment by default was given for want of a plea; November 12th the plea was filed, with affidavit of defense and claim of set-off; November 14th motion to vacate the judgment was filed; November 21st the judgment was vacated by order of court, all within the term.

The motion to vacate was filed within the time and in the form required by rule 55 of the court; it was addressed to the discretion of the judge in respect of his own judgment pronounced two days before; and it was for him to say whether it should stand or fall.

■ A court of general jurisdiction has inherent power over its orders, judgments, and decrees throughout the term in which they are pronounced; the judgment remains so long within the breast of the court, and, as Mr. Justice Holmes puts it, the court may then change its mind even without changing its opinion, except as shown by its changed decree. Baxter v. Buchholz-Hill Co., 227 U. S. 637, 33 S. Ct. 402, 57 L. Ed. 681.

"It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court." Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797.

The appeal is dismissed and the case remanded to the trial court, which action disposes of the appellee's motion to dismiss.

Appeal dismissed.