IRVING SAYPOL, as Receiver of GERRY COAT CO., INC., Plaintiff,
*v.* HENRIETTA WOLF and Others, Defendants.

Supreme Court, Special Term, New York County, October 14, 1937.

*Samuel Komoroff*, for the plaintiff.

*Rabenold, Scribner & Miller*, for the defendants Wolf, Hammer-slough and Steinthal.

McLAUGHLIN (CHARLES B.), J.   This action is in equity and seeks equitable relief to set aside alleged fraudulent transfers of a debtor corporation and to recover illegal preferences pursuant to

section 15 of the Stock Corporation Law. It appears that the plaintiff who is a receiver commenced another action in the Supreme Court, Kings county, in which the same relief was in part asked but was based upon the wrongful misappropriation of corporate funds by officers and directors and also on fraudulent transfers. The court dismissed without prejudice the cause of action alleging the fraudulent transfers. This action was commenced and the defendants maintain that it is the result of splitting an original single cause of action and, therefore, should be dismissed. Ordinarily a creditor's cause of action to set aside fraudulent transfers is single. There is an unbroken line of authority in this State so holding, from *Reed* v. *Stryker* (12 Abb. Pr. 47) to *Meyer, Connor & Co.* v. *United Founders Corp.* (238 App. Div. 642). There are exceptions, however, and it would seem that equity should declare this case to be an exception. When plaintiff brought the first action he did not know and could not reasonably have known of the facts upon which this action is in part based. Hence that destroys any claim of splitting causes of action. (*Gedney* v. *Gedney*, 160 N. Y. 471.) There is another reason why this claim of splitting a cause of action may not be allowed. The first action was brought by this plaintiff partly for relief against fraudulent transfers. However, the causes for such relief were dismissed without prejudice leaving only the cause of action for wrongful misappropriation of corporate funds by directors and officers. The court holds that thereafter there could be no *res adjudicata* by reason of the judgment in that case. (*Buchholz-Hill Transportation Co.* v. *Baxter*, 206 N. Y. 173, 176; appeal dismissed, 227 U. S. 637.) There is another unanswerable reason why this contention is untenable. This is an equity action to relieve against alleged fraud. A court of equity has the power to relieve against the enforcing of the rule against splitting causes of action. (*O'Dougherty* v. *Remington Paper Co.*, 81 N. Y. 496, at p. 500.) The allegations of this complaint require that this court of equity deny the motion to dismiss the complaint by reason of any prior adjudication.

Motions are also made to the sufficiency of the causes of action alleged. The first, third and fifth causes of action are brought under the provisions of section 15 of the Stock Corporation Law. The error claimed is the use of the words " alleged claims," which is equivalent to saying that they were alleged creditors rather than creditors. While there is little doubt as to the correctness of the allegations in the complaint, all possible doubt is eliminated by the proffered stipulations of counsel that the word " alleged " be stricken from the complaint. Let plaintiff file a stipulation to that effect and the motion in this respect is denied.

The second, fourth and sixth causes of action are claimed to be deficient because they fail to comply with the provisions of the Debtor and Creditor Law. It is urged that the necessary allegations as to insolvency are not set forth. The claim is set up that facts must be alleged which show that the debtor has so given away his property as to be unable to meet his obligations. (*Lafayette Lumber Co.* v. *Selvester*, 226 App. Div. 766.) This is not so in this case. Sufficient has been alleged to show that there has been an actual intent to defraud and that the intent was known to the defendants. (*Brody* v. *Pecoraro*, 250 N. Y. 56; *Ga Nun* v. *Palmer*, 216 id. 603, 612; *Billings* v. *Russell*, 101 id. 226, 234; *Hickok* v. *Cowperthwait*, 147 App. Div. 121.) This motion is, therefore, denied.

The defendants also move to strike out paragraphs 11, 12, 17 to 54, inclusive, 73, 74 and 80 as irrelevant and scandalous. These allegations refer to the findings in the previous action claimed by the defendants to be *res adjudicata* of the present one. All these parties were originally parties to that action. The court in that action found findings against three of the defendants who are parties here. The findings are binding upon them. (*Slater* v. *Slater*, 208 App. Div. 567; *Cohen* v. *Rosedale Realty Co., Inc.,* 120 Misc. 416; *Robinson Co.* v. *Security Mutual Life Ins. Co.,* 176 App. Div. 880; affd., 222 N. Y. 713; *Schuykill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304.) If there is any doubt as to the admissibility of the findings against the remaining defendants that may be taken care of by the trial justice. Certainly there is no basis for this motion to strike out as irrelevant and scandalous and it is denied.

The defendants move to make the complaint more definite and certain. This motion is denied as to paragraphs 58, 89, 109, 110 and 112, upon the stipulation that the word " alleged " be eliminated. It is denied as to paragraphs 77, 102 and 129 because it is merely captious to maintain after reading the entire complaint that anything else is alleged except that the plaintiff represents all the creditors.

Motions are denied.