**BERGLANN v. THE WINONA et al.**

Civ. No. 955.

District Court, D. Oregon.

Sept. 2, 1942.

K. C. Tanner, of Portland, Or., for libelant.

Wilbur, Beckett, Howell & Oppenheimer and Robert T. Mautz, all of Portland, Or., for respondents.

YANKWICH, District Judge (after stating the facts as above).

The respondents' motion for summary judgment heretofore submitted is denied.

I am of the view that, despite the fact that the complaint in the state court alleges loss of wages as an element of general damages, the plaintiff in that cause is entitled to sue in this court for maintenance and cure. See Smith v. Lykes Bros.-Ripley S. S. Co., 5 Cir., 105 F.2d 604.

 Generally, wages are not a part of maintenance and cure. This is truer here, because the complaint in the state court specifically claims loss of wages over and above "board and room" (i.e., maintenance). So that, whether we consider the statement in the proposed pre-trial order, that in the state action no relief is "sought for the items of damages claimed in the present suit," or the wording of the complaint itself, the recovery sought in the present action is not a part of the relief asked in the other.

Hence there is no splitting of a cause of action.

██ Rather, the action here complements the other. And recovery can be had without proof of negligence (see my opinion, Robinson v. Swayne & Hoyt, D.C. 1940, 33 F.Supp. 93, 94).

Counsel are requested to modify the proposed pre-trial order, so as to exclude from the issuable matters the question herein ruled on.