## MAKTOS v. HILL.

### No. 89.

Municipal Court of Appeals for the District of Columbia.

June 30, 1943.

Jack Politz, of Washington, D. C., for appellant.

Tracy L. Jeffords, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal from an order overruling a motion to vacate a judgment and quash a writ of fieri facias issued upon the judgment. The judgment was entered against appellant by default on January 17, 1942 and the writ was issued February 2, 1943. The motion was made following the issuance of the writ and was based upon appellant's claim that the judgment was void for lack of proper service of process.

At the hearing on the motion to vacate the following facts were developed. Service of process was made by registered mail addressed to the appellant at his home address in the District of Columbia. The registered letter was delivered to the wife of appellant who signed her husband's name to the registry return receipt and her own name as the addressee's agent. The wife of appellant testified that after receiving the registered letter she placed it on a table in their home, being the place where she always placed the mail, and that she had no knowledge as to whether the registered letter actually came into the possession of her husband. Appellant testified he was certain he was absent from the city at the time of the delivery of the registered letter, but he could not state where he was or when he returned home; that his wife did not deliver to him the registered letter, did not tell him that such a letter had been received, and he did not receive the registered letter; that he had no knowledge of its receipt by his wife, and the first knowledge he had of the filing of the action against him was when the deputy marshal appeared with the writ of fieri facias.

Both appellant and his wife testified that she was authorized by him to receipt for and accept registered mail addressed to him. No explanation was given as to what happened to the registered letter after being placed on the table by appellant's wife.

The Act establishing the Small Claims Branch expressly provides that service may be by registered mail with return receipt.[1] Rule 9(b) of the Branch provides that service by registered mail shall be deemed valid if it is delivered by the postman to the addressee or to any other responsible person qualified to receive the addressee's registered mail, in accordance with the Postal Laws and Regulations.

The validity of service by registered mail under the Small Claims Act was fully considered in Wise v. Herzog, 72 App. D.C. 335, 114 F.2d 486, 490. Though holding the service in that case invalid, the court said: "In our view the requirements of due process can be satisfied by compliance with the provisions of the statute as construed in Rule 9." Service in the instant case was in compliance with the rule. Service was made by delivery by the postman to a responsible person qualified to receive the addressee's registered mail in accordance with the Postal Laws and Regulations, which specifically provide that adult members of the addressee's family shall be regarded as responsible persons for delivery of registered mail.[2] In addition to that provision, both appellant and his wife testified she was authorized by him to accept and receipt for his registered mail.

In Wise v. Herzog, supra, the court, in holding the service there invalid, pointed out that the record failed "to show that the registered letter was delivered by the postman to the addressee, or to any other responsible person qualified to receive the addressee's registered mail." Here the record shows delivery to and receipt by appellant's wife, a qualified person and his admitted agent. We hold the service was valid and the trial court was justified in refusing to vacate the judgment.

The decision in Encyclopaedia Britannica, Inc., v. Shannon, U.S.App.D.C., 133 F.2d 397, relied on by appellant, is not applicable for service there was upon an agent whose interests were antagonistic to those of her principal, which is not the case here.

Though the service here was valid, it was still within the sound discretion of the trial judge to grant relief from the default judgment for good cause shown.[3] But its action in that respect is reviewable only for abuse of discretion and no such abuse is shown.[4]

Affirmed.

---

[1] Code 1940, 11—805.

[2] Postal Laws and Regulations (1940), Sec. 1323.

[3] Meloy v. Finbers Realty Co., 62 App. D.C. 228, 66 F.2d 208; Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134. Cf. Federal Rules of Civil Procedure, rule 55(c), 28 U.S.C.A. following section 723c.

Rule 21 of the Small Claims Branch provides that the power of the judge over any proceeding which has been pending there is not affected by the expiration of a term of court.

[4] Ray v. Bruce, D.C.Mun.App., 31 A.2d 693.