WALLACE L. BRINKMAN, an Infant, by ISABEL BRINKMAN, His Guardian ad Litem, Plaintiff, *v.* OIL TRANSFER CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, July 6, 1945.

*Edward J. Keane* for plaintiff.

*C. B. M. O'Kelly* for defendant.

BENVENGA, J. This action is brought in behalf of the infant plaintiff to recover expenses for maintenance and cure alleged to have been incurred as a result of personal injuries sustained by him while in defendant's employ as a seaman.

Originally, two actions were instituted: one on behalf of the infant for negligence under the Jones Act (U. S. Code, tit. 46, § 688); the other, by the infant's mother for loss of services. In the course of negotiations with a view to the settlement of these actions with attorneys for the Associated Indemnity Corporation representing defendant, plaintiff's attorneys learned that that company covered risks against negligence, but not against maintenance and cure, and that that risk was insured against by another group of underwriters. For that reason, the attorneys for Associated Corporation refused to discuss the items of maintenance and cure, for which recovery had been sought. As a consequence, the pleadings in the original actions were amended, eliminating maintenance and cure as items of damages, and a separate action was instituted to recover therefor. Then, attorneys for Fulton P. & I. Underwriting Agency, which insured against maintenance and cure, appeared in the action, also representing the defendant. Negotiations for settlement were resumed, the attorneys for Fulton Agency, however, refusing to participate therein. As a result, the claims for negligence were settled by Associated Corporation, the actions for negligence and loss of services discontinued and special releases exchanged. The releases specifically excluded

maintenance and cure as items of settlement, and reserved to the infant the right to pursue his remedy therefor.

Two questions are thus presented: (1) whether the items of damages for maintenance and cure have been extinguished by the settlement of the actions for negligence and loss of services; and (2) whether the infant plaintiff has improperly split his cause of action for negligence.

1. It is undisputed that an action under the Jones Act for personal injuries sustained as a result of negligence is a cause of action separate and distinct from the injured seaman's ancient remedy for maintenance and cure. The former is based exclusively on tort, while the latter is contractual in nature, being implied in the contract of maritime employment and in no sense based upon negligence. (*Aguilar* v. *Standard Oil Co.,* 318 U. S. 724, 730; *O'Donnell* v. *Great Lakes Co.,* 318 U. S. 36, 41; *The W. H. Hoodless,* 38 F. Supp. 432, 433.) " In short, the right to maintenance, cure and wages  *  *  *  is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative." (*Pacific Co.* v. *Peterson,* 278 U. S. 130, 138.)

It would seem to follow that, where two actions are brought, one for negligence under the Jones Act and the other for maintenance and cure, the award in the negligence action does not preclude a recovery for maintenance and cure, unless it can be definitely established that the award included maintenance and cure. And so it has been held. (*Smith* v. *Lykes Brothers-Ripley S. S. Co.,* 105 F. 2d 604, 605; *The W. H. Hoodless, supra; Berglann* v. *The Winona,* 46 F. Supp. 483, 484.) " The controlling question is whether or not the items of damages in the two separate suits were in fact duplicated. If items of maintenance and cure were not included in the verdict of the jury in the damage suit, then a separate recovery might be had " (*The W. H. Hoodless, supra,* p. 433).

Undoubtedly, these principles apply whether the negligence action is disposed of by trial and verdict, or whether it is settled without trial. The injured seaman is entitled to be compensated for maintenance and cure; but he is not entitled to double indemnity or compensation. If the items for maintenance and cure were included in the verdict of the jury in the negligence action he cannot thereafter sue therefor. So, he cannot recover therefor, if these two items were considered by the parties and included in the negotiations for the settlement of the negligence action.

Applying these principles to the case at bar, it is clear that the infant plaintiff is entitled to compensation for maintenance and cure. The evidence is undisputed that the items of damages for maintenance and cure were not considered by the parties or included in the moneys paid in settlement of the actions based upon negligence. Moreover, the infant's right to pursue his remedy therefor was specifically reserved to him. His claim for maintenance and cure, therefore, remains wholly unsatisfied.

2. It is true, as counsel for the Fulton Agency contend, that a party cannot split a single, entire and indivisible cause of action and maintain several suits when a single suit will satisfy. (*Secor* v. *Sturgis,* 16 N. Y. 548, 554; *Union Trust Co. of Rochester* v. *Kaplan,* 249 App. Div. 280, 282, 283.) But the rule does not prevent the prosecution of several actions upon several separate and distinct causes of action (*Secor* v. *Sturgis, supra; Smith Bros.* v. *Stern,* 148 N. Y. S. 1, 2); as, for instance, for personal injuries and for loss of services, where two or more persons sustain losses or injuries by the same wrong (1 C. J. S., Actions, § 104, subd. c).

Moreover, the rule was intended to prevent vexatious and oppressive litigations (*Kennedy* v. *City of New York,* 196 N. Y. 19, 22; 3 Carmody on New York Pleading and Practice, § 871). Implicit in the rule is the '' assumption that a plaintiff who has split his causes of action has acted inequitably, knowing that he was causing unnecessary vexation to the defendant, or at least careless whether or not he causes such vexation.'' (*White* v. *Adler,* 289 N. Y. 34, 42.) Nor is the rule not without exception. It is not so rigid that it may not be disregarded where it would produce injustice (see *Saypol* v. *Wolf,* 165 Misc. 517, 518). Indeed it has been said that exceptions should be recognized '' as the evident justice of the particular case requires.'' (*White* v. *Adler, supra,* p. 43.)

In any event, the rule does not apply where the defendant, for whose benefit the rule was intended, has waived the protection provided him by law, or where he has, by agreement with the plaintiff, split the claim or demand into several parts (3 Carmody on New York Pleading and Practice, § 873; *Nicholas* v. *Standard Aircraft Products,* 43 N. Y. S 2d 85, 87). Thus, a voluntary compromise or settlement of a claim does not necessarily merge the whole demand. The parties may sever the claim and compromise part of it. '' Where such an agreement is made, or can be inferred from the circumstances, the settlement would be no bar to the demands not actually

satisfied or settled." (*O'Beirne* v. *Lloyd*, 43 N. Y. 248, 251.)

Here, the occurrence resulting in the infant's personal injury gave rise to three causes of action: (1) for personal injuries under the Jones Act; (2) for loss of services, and (3) for maintenance and cure. Each cause of action, as we have seen, is separate and distinct from, and wholly independent of, the other. The defendant settled two of these actions, reserving to the infant his right to pursue his remedy at law for the other. Under the circumstances, the settlement is no bar to the present action.

Nor are any of the cases cited by counsel for the Fulton Agency to the contrary. The principle was properly applied in *Baltimore S.S. Co.* v. *Phillips* (274 U. S. 316, 320), which is not claimed to be factually in point; and the rule was referred to by way of dictum in *Runyan* v. *Great Lakes Dredge & Dock Co.* (141 F. 2d 396) and *The Progress* (21 F. Supp. 572). The *Runyan* case (*supra*), cited with approval the leading case of *Smith* v. *Lykes Brothers-Ripley S. S. Co.* (105 F. 2d 604), which is directly in point. The *Progress* case (*supra*) is authority for the proposition that an injured seaman is not entitled to double indemnity or compensation, the fundamental principle underlying all the cases.

3. The problem presented, at first blush, may seem complicated. Considered realistically, it becomes quite simple; that is, when it is viewed, as it should be, as a controversy between the plaintiff and the company which insured the plaintiff and the defendant. In any event, the plaintiff should not be penalized because of the circumstance, unknown to him when the original actions were instituted, that the defendant was insured under the Jones Act by one group of underwriters and against maintenance and cure by another group. Nor should one group of underwriters be permitted to take advantage of such separate insurance at the expense of another group, or at the expense of the injured seaman. The rule against splitting causes of action was intended as a shield, not as a sword. It was never intended to work injustice.

Judgment is, therefore, directed for the plaintiff in the sum of $2,709.20, together with interest. Included in the amount of the verdict are the following items: food and lodging (100 weeks at $15.00 a week), $1,500.00; hospitalization, $176.60; physician's services, $160.00; nurse's services, $257.00; artificial leg, $515.60; transportation costs, $100.00.

Interest to run from the date of the commencement of the action, September 11, 1944.