## PRICE v. QUILL.
### No. 355.

Municipal Court of Appeals for the District of Columbia.

March 20, 1946.

Milton Dunn and A. M. Goldstein, both of Washington, D. C., for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge.

HOOD, Associate Judge.

Plaintiff brought an action in the Small Claims and Conciliation Branch of the trial court to recover for dental services he had rendered the children of defendant. After obtaining a judgment plaintiff moved for leave to orally examine the defendant as to his financial status and ability to pay the judgment. The motion was denied, and we granted an appeal because of a reported diversity of opinion in the trial court on the question involved.

The motion was made under Rule ·19 of the Small Claims Branch. That rule is taken verbatim from the Act of Congress[1] creating that branch of the court and establishing its jurisdiction and procedure.[2] The rule, entitled "Supplementary Proceedings in Wage Claims," reads as follows:

"In all cases where the judgment is founded in whole or in part on a claim for wages or personal services the judge shall, upon written or oral motion of the party obtaining judgment, order the appearance of the party against whom such judgment has been entered, but not more often than once each 4 weeks, for oral examination under oath as to his financial status and his ability to pay such judgment, and the judge shall make such supplementary orders as may seem just and proper to effectuate the·payment of the judgment upon reasonable terms."

 The trial court, in a written memorandum denying the motion, ruled that the expression "personal services," though generally quite comprehensive in meaning, should not as used in the Act be given a wider meaning than the word "wages" with which it is associated, and does not include professional services rendered by a dentist, a physician or an attorney-at-law.

We think the ruling of the trial court expressed the intention of Congress and

[1] 52 Stat. 106, Chap. 43, Sec. 12, Code 1940, § 11—812.

[2] The Small Claims Branch is limited in jurisdiction to claims not exceeding $50. For cases dealing with various features of procedure and practice in the branch, see Hodgkins v. Beckner, D.C. Mun.App., 32 A.2d 113; Maktos v. Hill, D.C.Mun.App., 32 A.2d 706; Interstate Bankers Corp. v. Kennedy, D.C.Mun. App., 33 A.2d 165; Potomac Small Loan Co. v. Myles, D.C.Mun.App., 34 A.2d 609; Marvin's Credit, Inc., v. Kitching, D.C. Mun.App., 34 A.2d 866; Simmons v. Quick, D.C.Mun.App., 37 A.2d 656.

was correct. The Act does not define the words "personal services." While upon casual examination their meaning would seem clear, the connotation to be given them is dependent upon the intent of Congress in enacting the statute. Few words are unchangeable in their meanings. Generally they differ according to the time and circumstances under which used. "They have a color and a content that may vary with the setting." First National Bank & Trust Co. v. Beach, 301 U.S. 435, 440, 441, 57 S.Ct. 801, 804, 81 L.Ed. 1206. In determining the meaning of the words of the statute, we are not confined to an examination of the words alone.

"In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress. There is no invariable rule for the discovery of that intention. * * * When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no 'rule of law' which forbids its use, however clear the words may appear on 'superficial examination.'" United States v. American Trucking Associations, Inc., 310 U.S. 534, 542, 543, 544, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345.

As originally introduced in the Senate, the bill included a provision for supplementary examination by all judgment creditors.[3] During the hearings before the Senate District Committee, however, objection was made to this provision on the grounds that it would harass the laborers in whose interests the passage of the Act was being sought and that the periodic examinations provided were too frequent. As a result of these contentions, a proponent of the bill suggested that it be amended to take care of the greater part of the objections, but stated: "When it comes to wage cases, however, you have a most difficult question, and the right of examination but once in 4 weeks would appear to be entirely reasonable and feasible."[4] He therefore suggested the present wording of the section, which language was adopted by the Committee and subsequently became law.

It is apparent that the provision was looked upon in the House of Representatives as a feature to protect only the wage earner. The Committee report accompanying the legislation in its passage by that body stated that the bill provided "Supplementary examination of defendants in wage-claim cases."[5]

We are therefore of the opinion that Congress intended supplementary proceedings to be made available for judgments arising from wage claims or claims based on personal services of a similar nature to those for which wages are ordinarily paid, as distinguished from personal services of a professional character. That the provision was intended for the benefit of this class of persons is not strange. Experience had shown that a great many wage earners were unable to cope with the technicalities of the existing system. Throughout the hearings on the bill stress was laid on the fact that a principal purpose of the Act was to assist day laborers, servants and other persons ignorant of and afraid to become involved in the processes of the law. Because these same people were without funds to retain legal counsel to press their claims, obtain execution on their judgments, and conduct garnishment proceedings in their behalf, this branch of the court was established and Rule 19 promulgated.

Dentists and other professional people whose claims are not in the nature of wages need no additional protection in this regard. The Act allows them to bring their actions in the Small Claims and Conciliation Branch and the statutory provisions for garnishment, including supplementary examination of the garnishee, are at their disposal. On the other hand, the class of persons who would be adversely affected by extension of the language of Rule 19 comprise largely the small wage earners whose frequent appearances for supplementary proceedings, if they were required, would result in additional time away from their jobs and a loss of earnings, a burden which it cannot be assumed was intended by Congress in a statute of this kind.

While examination of judgment debtors is now permitted in other branches of the

[3] S. 1835 as introduced March 11, 1937, 75th Cong., 1st Sess., Sec. 13.

[4] Hearings before the Committee on the District of Columbia of the United States Senate on S. 1835, 75th Cong., 1st Sess.

(1937), 100 (Testimony of William A. Roberts).

[5] H.R.Rep.1854, 75th Cong., 3d Sess. (1938), 5.

Municipal Court under its general Civil Rule No. 57(a), patterned after Federal Rules of Civil Procedure, rule 69, 28 U.S. C.A. following section 723c, it is worthy of note that at the time of establishment of the Small Claims Branch such examination was not allowed in other branches of the court. There was, therefore, no apparent reason why Congress should have intended to give professional men the advantages of examining judgment debtors in the Small Claims Branch, when they did not have a similar right with respect to their larger judgments in other cases in the same court. And there is no perceivable reason why Congress should have intended to give this advantage to dentists, lawyers and other professional men, when such right was denied grocers, clothing merchants and other tradesmen holding judgments in the same branch of the court.

Our conclusion is that the plaintiff was *not entitled to examine the judgment debtor*, and the motion for examination was properly denied.

Affirmed.