Charles A. Loreto, J.
Defendants, both as individuals and in their representative capacity as executors, move (1) for an order dismissing four causes of action in the second amended complaint for legal insufficiency; (2) directing clarification of the amended complaint so as to indicate whether the causes and the allegations thereof are directed to any defendant individually or as executor; (3) to separately state and number the causes of action allowed to stand as legally sufficient; (4) to strike out all reference in the complaint to the effect that the causes are representative or derivative on behalf of other creditors; and (5) to strike certain allegations as sham (Rules Civ. Prac., rules 106, subd. 4, 103, 102 and 90). Plaintiff cross-moves for an examination before trial of defendants in aid of its opposition to so much of defendants’ motion as seeks to strike as sham paragraph Eighteenth of the complaint.
*492 The first cause of action alleges an account stated and is legally sufficient as a cause against the defendants in their individual capacities only. It cannot be maintained against the executors. The executors cannot create a new liability upon the estate of their decedent. Their liability if any would be individual (O’Brien v. Jackson, 167 N. Y. 31, 33). This cause should be clearly denominated as a cause against the defendants in their individual capacities only.
The second pleaded cause is by plaintiff, in its own behalf and in behalf of other creditors similarly situated, against the defendants as executors. The third cause is pleaded the same as the second except that it is directed against the defendants individually. These causes in substance allege that after decedent’s death the defendants continued the decedent’s business by order of the Surrogate’s Court; that the executors insured the material parts inventory which was destroyed by fire and are litigating with the insurance company the liability of the latter under the policy of insurance; that all or some of the defendants caused to be organized a corporation and then issued all of the stock to 1 ‘ all or some of them ’ ’; that the defendant Dwight made written offer to the executors to purchase the assets of the business of the decedent excepting therefrom the fire claim and stated therein, among other things, ‘ that there were no other persons mentioned * * * who were interested in the * * * offer ” and failed to mention or name the plaintiff or other creditors; that the defendants accepted the offer and pursuant thereto transferred the assets of the business to the corporation, as a designated assignee and nominee of the defendant Dwight; that because of an unreasonably small capital the corporation became insolvent; that ‘ ‘ plaintiff was induced to and did deal with, sell and extend credit to the aforesaid corporation ”; and that plaintiff had no knowledge of the offer and would not have extended credit to the corporation had it been advised of the offer and acceptance by the defendants. The plaintiff charges that the transaction was without fair consideration and made with intent to defraud plaintiff as well as other creditors and that the estate and defendant Dwight, as principal beneficiary thereof, were unjustly enriched to the detriment and damage of plaintiff and other creditors. In addition to monetary relief the plaintiff seeks to impress a constructive trust on the fire claim of the estate.
In its brief submitted on the motion the plaintiff contends that these causes are grounded on a tortious violation of section 274 of the Debtor and Creditor Law. The statute provides that *493 every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and future creditors during the continuance of the business. To satisfy the statute, a plaintiff must allege facts showing that the property of the debtor has been fraudulently conveyed in that the transfer rendered the debtor insolvent (Debtor and Creditor Law, § 271; Lafayette Lbr. Co. v. Selvester, 226 App. Div. 766). The intent and purpose of the statute is to permit a creditor to reach the assets of the transferee. Here the transferee was the corporation and the executors the transferors. The plaintiff does not seek to reach the assets alleged to have been transferred to the corporation. It asks that a constructive trust be impressed upon the proceeds of the fire claim of the estate. Nor does the plaintiff allege that the estate was rendered insolvent by the transfer. The charge that the corporation as transferee commenced its business with an unreasonably small capital does not give rise to a cause of action against the estate as transferor. The corporation was not formed by the estate nor did the estate have a beneficial interest in the corporation. In essence what the plaintiff is attempting to do is to impose a liability upon the estate for the obligations of the corporation alleged to be owing to plaintiff. This it may not do.
As to the claimed failure of defendants to give plaintiff notice of the offer, sale and transfer by the executors to the corporation (par. 18 of the complaint), it is difficult to perceive how plaintiff can assert the right of a “ person interested” under section 314 of the Surrogate’s Court Act which specifically excludes a creditor as a “ person interested ” where it is used in connection with an estate or a fund. The estate’s assets are within the jurisdiction of the Surrogate’s Court to which any creditor claiming to have a claim against the estate may go to prove his claim. Plaintiff was not entitled to notice of the sale by the executors of the estate.
Moreover, the causes cannot be sustained on equitable grounds. Equity compels the application of property parted with on the faith of a promise or where one without an interest in property before obtains a promise that an interest will be given to him thereafter. The purpose of impressing a constructive trust on specific property is to put the parties in status quo and prevent unjust enrichment (Seaver v. Ransom, 224 N. Y. 233, 236; Sinclair v. Purdy, 235 N. Y. 245). Here plaintiff makes no claim that defendants wrongfully obtained *494 from plaintiff the insurance claim or that plaintiff ever had any proprietory or possessory rights therein. These causes are legally insufficient and are therefore dismissed.
The fourth pleaded cause denominated “ As and for a Third Cause of Action against the defendants, etc. ’ ’, alleges almost in its entirety by reiteration the previously pleaded second cause and further charges the defendants as individuals and as executors with fraud and deceit in inducing the plaintiff to extend credit to the corporation by false and fraudulent representations that the fire claim was part of the assets transferred to the corporation, when, in fact, it was not so transferred and remained an asset of the estate. This cause would state a good cause of action in fraud and deceit. However, plaintiff should be required to allege whether it charges the defendants individually or as executors and to state separately and to number the causes against defendants as individuals and if intended against defendants as executors.
Also, the amended pleading should omit all reference to the representative character of the plaintiff suing on behalf of other creditors similarly situated. Plaintiff may act in its own right alone. A representative action cannot be based on fraud practiced upon members of a class (Brenner v. Title Guar. & Trust Co., 276 N. Y. 230).
Since the second pleaded cause is stricken, much of the matter alleged in the fourth cause pleaded by reiteration will be unnecessary to the pleading of proper causes • of action against the defendants in fraud and deceit. The corrective relief requested under rules 90, 102 and 103 of the Buies of Civil Practice is not reached by the court in view of the dismissal of the second and third causes pleaded.
Plaintiff’s cross motion to examine the defendants before trial to obtain proof in aid of its opposition to so much of defendants’ motion as seeks to strike paragraph “ Eighteenth ” of the complaint is denied. There is no authority in law for a motion of this nature. Besides, the paragraph is no longer in issue in view of the dismissal of the cause containing the paragraph in question.
Settle order.