· NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Respondent, *v.* WILLIAM HUGHES, Appellant.

ABATEMENT — WHEN PENDENCY OF ACTION UPON FIRE INSURANCE POLICY IS NOT A BAR TO AN EQUITABLE ACTION TO REFORM POLICY SO AS TO CONFORM TO CONTRACT OF INSURANCE. In an action brought upon a policy of fire insurance to recover for the loss of merchandise, destroyed by fire, claimed to have been insured by such policy, the insurance company interposed the equitable defense that by reason of a mutual mistake of the parties in describing the building in which the merchandise intended to be insured was contained, the policy did not conform to the contract of insurance, which did not cover and was not intended to cover the merchandise destroyed by fire, and asked that the policy be reformed and the complaint in the action dismissed. After the action had been moved for trial at the Special Term it was stricken from the calendar, upon the motion of the plaintiff, on the ground that the facts alleged in the answer were interposed as an equitable defense and not as a counterclaim, but "without prejudice to the defendant to apply to the court to amend its answer by setting up a counterclaim." Subsequently the insurance company brought an action against the plaintiff in the first action to reform the policy in question, and the defendant in the latter action alleged, as a defense and bar thereto, the pendency of the action brought by him against the insurance company, and asked that the complaint in the second action be dismissed. *Held,* that the pendency of the first action was not a bar to the second action. While the actions are between the same parties, the actions are not for the same thing. One is

a legal action to recover on a contract, and the other is an equitable action to reform the contract itself. While the actions relate to the same subject matter, the purpose of the actions is entirely different, and the relief demanded antagonistic and inconsistent; and hence there is not another action pending between the same parties for the same cause of action.

Nat. Fire Ins. Co. v. Hughes, 105 App. Div. 632, affirmed.

(Argued April 29, 1907; decided June 4, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 5, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wayland E. Benjamin* for appellant. The insurance company was bound to set up in defense of the action by the assured upon the policy the facts alleged in its complaint in this action. (*Dobson* v. *Pearce,* 12 N. Y. 165; *Savage* v. *Allen,* 54 N. Y. 458; *Pond* v. *Harwood,* 139 N. Y. 111; *Richardson* v. *Davidson,* 5 N. Y. Supp. 617; *N. Y. C. Ins. Co.* v. *Nat. P. Ins. Co.,* 14 N. Y. 85; *C. F. J. Co.* v. *Wisner,* 38 App. Div. 369; *Arndt* v. *Williams,* 16 How. Pr. 244; *McHenry* v. *Hazard,* 45 N. Y. 580.) The insurance company having pleaded the facts and demanded the reformation of the policy in its answer in the prior action, cannot maintain a subsequent action for the same relief. (*E. L. A. Society* v. *Cuyler,* 75 N. Y. 511.) The insurance company could have obtained the equitable relief of a reformation of the policy in the action first brought against it by setting up a counterclaim therefor. (*Colville* v. *Chubb,* 20 Abb. [N. C.] 372; *MacKellar* v. *Rogers,* 109 N. Y. 468; *Thomas* v. *B. R. Co.,* 60 App. Div 355; *Stearn* v. *A. M. Ins. Co.,* 6 J. & S. 281; 63 N. Y. 77; *Bennett* v. *Edison & Co.,* 164 N. Y. 131; *C. R. E. Co.* v. *Foster,* 44 App. Div. 114.)

*Frederick B. Campbell* and *John F. Devlin* for respondent. Upon the facts the plaintiff insuring company was entitled at common law to a reformation of the policies, the

sole remedy for which, prior to the codifying of the law of civil procedure, was by bill in the Court of Chancery. (1 Pom. Eq. Juris. [3d ed.] §§ 111, 150, 171, 1375 ; *Hamilton* v. *Cummings,* 1 Johns. Ch. 517.) Section 507 of the Code of Civil Procedure is permissive, not mandatory. (*Savage* v. *Allen,* 54 N. Y. 458 ; *E. Ry. Co.* v. *Ramsey,* 45 N. Y. 637.)

CHASE, J.   In 1902 the defendant and one Seaman were partners engaged in business in Jersey City. They occupied for the purpose of their business two buildings, one a three-story frame building used as a bagging factory, and the other an iron-covered warehouse used for storage purposes.

On June 4, 1902, the plaintiff issued to said firm a policy of insurance in the standard form of this state which purported to insure them against loss or damage by fire, to the extent of $1,500 for one year on merchandise as in the policy described, " Contained in frame and iron building and additions and extensions thereto and on or under sidewalks adjoining situate on the south side of Gilchrist street about fifty feet west of Monmouth street, Jersey City, N. J."

The intention of the parties was to insure such merchandise while contained in the " iron-covered warehouse situated on south side of Gilchrist street, about 150 feet west of Monmouth street, used for storage purposes." The policy of insurance, by reason of a mutual mistake, did not correctly describe the building in which the merchandise insured was contained, and it did not conform to the contract of insurance. The contract of insurance did not cover and was not intended by the parties to cover or insure the stock of merchandise contained in the frame building used as a bagging factory.

On December 9th, 1902, the bagging factory, building and contents were destroyed by fire. The said Seaman duly assigned all his right, title and interest in the said policy to the defendant. The record discloses that thereafter and before the commencement of this action the defendant brought an action against the plaintiff upon said policy of insurance to recover the amount of the loss and damage to the contents of

the said bagging factory. To such action the plaintiff herein interposed as an equitable defense the mutual mistake of the parties in describing the real property in which the merchandise intended to be insured was contained, and asked that the policy be reformed, and that the complaint of the plaintiff in that action be dismissed.

The appellant concedes that the defendant in that action endeavored to obtain a trial of the issues therein at a Special Term, and that he objected thereto because the facts alleged in the answer were interposed only as an equitable defense and not as a counterclaim. The court granted the motion of the appellant herein to strike the case from the Special Term calendar " without prejudice to the defendant to apply to the court to amend its answer by setting up a counterclaim."

The plaintiff herein then brought this action to reform said policy, and the defendant, as an answer thereto, alleges the pendency of the action brought by him against the plaintiff to recover on the policy, and he asks that the plaintiff's complaint be dismissed. This action was tried at a Special Term and judgment was rendered in favor of the defendant reforming the policy without awarding any costs. An appeal was taken therefrom to the Appellate Division, where the judgment was unanimously affirmed, and from such judgment of affirmance the appeal is taken to this court. The only question discussed before this court is whether the pendency of the said action brought by the defendant against the plaintiff is a bar to this action.

The defense of another action pending between the same parties for the same cause was formerly called a plea in abatement. It is a plea that is allowed to prevent a person from being harassed and annoyed by unnecessary actions. It is primarily applicable to a case where more than one action is brought by the same plaintiff against the same defendant for the same, or substantially the same, relief and growing out of the same subject-matter. It is a dilatory plea, technical in its nature, and a person interposing it must clearly show himself within the reason for its enforcement. Such a plea is not sus-

tained where full relief cannot be obtained in the first action. The actions now under consideration are not by the same plaintiff, but although between the same parties their relations are reversed. The actions are not for the same thing. One is a legal action to recover on a contract, and the other is an equitable action to reform the contract itself. The purpose of the actions is entirely different and the relief demanded antagonistic and inconsistent. A judgment in favor of the plaintiff in the first action would be a bar to the plaintiff in this action. A judgment in favor of the plaintiff in this action would not only be a bar to the plaintiff in the first action, but it would give to the plaintiff additional and further affirmative relief. If the plaintiff in the first action failed to prosecute the same or if his complaint was dismissed for reasons other than those stated in the equitable defense, the policy of insurance would remain unreformed. Unless the answer is amended, therefore, full relief to the defendant herein cannot be obtained in the first action. The defendant in this action assumes that the plea of another action pending is sustained if it is possible for the plaintiff to obtain full relief in the action first commenced, and that the plaintiff in this action should be compelled to so form his pleading in the first action as to obtain full relief therein.

The binding force of a judgment and the difference in the meaning of the terms " cause of action " and " subject-matter " are well stated by SUTHERLAND, J., in *Tyler* v. *Standard Wine Co.* (52 Misc. Rep. 374) as follows: " The reason why the second suit for the same cause is not allowed to proceed is not found in the finality of *res adjudicata,* for the plea is interposed before any judgment has been rendered. But ' cause of action ' in this sense is not synonymous with ' subject-matter ; ' for an action between the same parties involving the same question is not necessarily an action for the same cause within the rules governing pleas in abatement.

" Of course, where two actions are brought concerning the same subject-matter, and in both suits the same question is necessarily involved, either singly or in connection with other

matters not involved in both, and a judgment is duly rendered in one of the actions upon the question common to both suits, that judgment becomes at once and forever decisive as to that question in the other litigation between the same parties; and the date of the commencement of the actions respectively is of no consequence as to the effect of the judgment as *res adjudicata.* If the judgment is first rendered in the later suit, it will control necessarily the determination of the same question in the prior action when that is brought to trial; but, until one action proceeds to judgment, the pendency of the other cannot be set up as a defense, unless the second suit is for the same cause of action as the first."

When a judgment is once obtained it is conclusive, not only of the issues actually litigated in the action, but also of any matter necessarily comprehended and involved therein although the same was not litigated. (*Honsinger* v. *Union Carriage & Gear Co.,* 175 N. Y. 229; *Earle* v. *Earle,* 173 N. Y. 480; *Pakas* v. *Hollingshead,* 184 N. Y. 211.)

Until judgment is rendered in an action there is nothing determined between the parties and nothing to prevent either party from taking such further or other action relating to his claimed rights and equities as he may feel inclined, except that he shall not unnecessarily harass and annoy the other party to the suit already commenced.

In *Brown* v. *Gallaudet* (80 N. Y. 413) it is held that a defendant in an action in a court of record is not bound to avail himself by way of counterclaim of an independent cause of action existing in his favor against the plaintiff, and that the rule in that respect was not changed by the Code. The court, referring to the plaintiff, say : " He had the right to reserve his own claims for a cross action the conduct of which he could control, and to confine his defense in the action brought by Gallaudet to such matters as would defeat Gallaudet's claims set up in that action. * * * It was not in the power of Gallaudet by bringing the first action to disable Brown from suing him. Brown had the right to take the position that all the claims of Gallaudet were groundless,

\* \* \* To entitle himself to such a judgment (affirmative judgment as defendant) it was necessary that Brown should set up his own claims by way of counterclaim and this as has already been said he was not bound to do."

In the Supreme Court the question now considered has frequently arisen. *Carlin* v. *Richardson* (17 N. Y. S. R. 399) was an action brought to recover a balance due upon a contract to furnish certain plans and specifications. The defendant had previously brought an action against the plaintiff to recover from him certain moneys which he had paid on account of said contract, alleging in the complaint that by reason of the breach of the contract by the defendant and his failure to furnish the plans and specifications as provided thereby he was entitled to repayment of said moneys. It was held that the defendant in that action was not bound to plead the amount claimed by him to be due upon the contract or to ask for an affirmative judgment therefor. It was further held that he might do so or he could resort to a cross action to recover them. (See *Tyler* v. *Standard Wine Co.*, *supra*; *Inslee* v. *Hampton*, 8 Hun, 230.)

In *McGrath* v. *Maxwell* (17 App. Div. 246) a judgment had been obtained by a bank against the plaintiff and the defendant upon a promissory note made by the defendant and indorsed by the plaintiff. The plaintiff paid the bank the full amount of the judgment and took an assignment thereof and thereafter brought this action against the defendant setting forth all the facts relating to the execution of the note and the recovery of judgment and the payment and assignment thereof to him. The defendant by answer alleged as a plea in abatement a prior action commenced by him against the plaintiff in which he alleged that he and not the plaintiff was the surety on the original note, and asked that the judgment be satisfied and that the plaintiff be enjoined from enforcing it; this plaintiff answered therein setting up the facts alleged in his complaint in this action as a counterclaim and demanding affirmative relief that he recover the amount of the judgment. The plaintiff in that action demurred to the

counterclaim, whereupon the defendant therein, the plaintiff
in this action, served an amended answer setting up the same
facts as a defense and not as a counterclaim.  The court held :
" He had the right to serve an amended answer and upon the
issues as finally made induced it may be by the action of the
plaintiff therein demurring to the supposed counterclaim
the defendant therein could not obtain the relief that he
obtains in the present action and, therefore, the pendency of
the former action would not be a bar.  The actions are not
for the same cause within subdivision 4 of section 488 of the
Code ; their scope is different ; one is to set aside the judg-
ment and the other is to enforce it ; one involves the validity
of the judgment and the other not only the validity but its
actual execution.  This plaintiff had the right to enforce the
judgment by suing it over.   *   *   *   This plaintiff in the
absence of a stay was at liberty to enforce his judgment by
such remedies as were available and was not bound to await
the determination of the equity suit."

" The defense of a prior action pending is not made out by
showing that a judgment in the prior action in favor of the
plaintiff therein would bar the bringing of a new action by
the defendant therein for a claim in his favor.  It must fur-
ther appear that a judgment therein in favor of the defendant
therein, even if it were only a dismissal of the complaint on
the merits, would be a bar to such new action by defendant.
It is optional with the defendant whether he will set up a
counterclaim or bring a cross action therefor."  (*Consolidated
Fruit Jar Co.* v. *Wisner*, 38 App. Div. 373.)

In *Ogden* v. *Pioneer Iron Works* (91 App. Div. 394) the
plaintiff, as the assignee of the Johns-Manville Company,
brought an action against the defendant for damages arising
from the alleged failure of the defendant to complete its con-
tract within the time specified therein.  The defendant had
previously brought an action against the Johns-Manville Com-
pany to recover a balance alleged to be due under the contract
by which the defendant agreed to construct a steam asphalt
roofing plant.   The Johns-Manville Company set up as a

defense, but not as a counterclaim, the failure of the defendant to complete the plant within the time specified in the contract. Held, that the Johns-Manville Company was not obliged to set up by counterclaim in the suit brought against it by the defendant its claim for damages on account of the delay in the performance of the contract. The court say : " The moving papers disclose no equity in favor of the defendant. The only suggestion made is that this action was brought in Queens county because the condition of the calendar is such that a speedier trial can be obtained there than is possible in Kings county, and that it was also brought in order to forestall the trial of the claim on the contract by a prior trial of the claim for damages. Both objects are within the strict rights of a litigant. Equity is not opposed to a speedy trial of a case and a defendant may elect to enforce a claim by an action in the forum of his choice rather than to submit it by way of counterclaim in the suit of his opponent."

The plaintiff in this action did not seek to enjoin the defendant from proceeding in the first action. The question involved is not dependent upon the right of the plaintiff to obtain affirmative, injunctive relief, but it rests wholly upon the legal right of the defendant in the first action to bring an independent action against the plaintiff therein for a cause of action entirely different from the one alleged in the plaintiff's complaint therein, although it relates to the same subject-matter.

We think the defendant failed to establish that there was another action pending between the same parties for the same cause.

In *Bartholomay Brewing Co.* v. *Haley* (16 App. Div. 485) the court overlooked the distinction between the effect of a former judgment pleaded as a bar to a recovery in another action and another action pending pleaded as a bar to the right of the plaintiff to proceed in his action.

As we have already stated, a former judgment between the parties is an absolute bar to all issues actually litigated in the action or necessarily comprehended and involved therein,

although not litigated, while a former action pending is only a bar when it is between the same parties for the same cause.

The action of the brewing company against Haley was not for the same cause as the former action brought by Haley against the company but for an entirely different and antagonistic purpose, and the decision therein dismissing the plaintiff's complaint is disapproved and the authority thereof overruled.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, VANN and WERNER, JJ., concur ; WILLARD BARTLETT, J., not sitting.

Judgment affirmed.