## SOWDEN & CO. v. MURRAY.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. ABATEMENT AND REVIVAL (§ 5*)—ANOTHER ACTION PENDING.
　　The pendency of an action for damages to a garment while in another's hands for alteration is not a bar to an action by the other for the work done on the garment; but he can maintain a cross-action, and is not bound to interpose his claim as a cross-demand in the first action.

　　[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 5.*]

2. APPEAL AND ERROR (§ 1043*) — HARMLESS ERROR — DENIAL OF STAY OF PROCEEDINGS.
　　· Where the pendency of another action between the parties was not a bar to the present action, and plaintiff was entitled to judgment on the evidence, the denial of defendant's motion to stay the action pending determination of the other suit was not prejudicial.

　　[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1043.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—STAY OF PROCEEDINGS.
　　The Municipal Court has no power to grant a stay of proceedings for more than five days, under the express provisions of Municipal Court Act (Laws 1902, p. 1489, c. 580) § 1, subd. 15.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sowden & Co. against Ethel Murray. From a judgment for plaintiffs, and an order denying a stay of proceedings, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Gordon Ireland, for appellant.

Morgan & Mitchell, for respondents.

BISCHOFF, J. The fact that the defendant had brought an action in the City Court to recover damages for injuries to a garment when in the plaintiff's hands for alteration, was not available as a defense to this action for work, labor, and services, notwithstanding that the defendant's claim, in her action, was based upon the plaintiff's alleged improper performance of the work. The plaintiff was entitled to maintain a cross-action, and was not bound to interpose its claim as a cross-demand to the defendant's suit. Nat Fire Ins. Co. v. Hughes, 189 N. Y 84, 88, 81 N. E. 562, 12 L. R. A (N. S.) 907 and cases cited. The defense of another action pending being unavailable, judgment was properly rendered for the plaintiff upon the facts in evidence, and the denial of the motion to stay the action, pending the determination of the action in the City Court, certainly presents no ground of prejudice to the defendant. Such a stay, necessarily extending beyond the statutory limitation of five days (Municipal Court Act [Laws 1902, p. 1489, c. 580] § 1, subd. 15), was beyond the power of the court to grant.

Judgment and order appealed from affirmed, with costs. All concur.