CARRARA MARBLE IMPORTING COMPANY, Respondent, *v.* DAVID S. COHEN, Appellant.

Supreme Court, Appellate Term, First Department, December 20, 1927.

Res judicata — counterclaim in prior action for services and materials establishing that services under second contract were useless is bar to action for said services.

Plaintiff, who in a prior action sued for services performed and materials furnished under a contract was met with a counterclaim interposed by defendant by which it was established that plaintiff's work under a second contract was not only useless but harmful to defendant's property, is precluded from recovering for the value of those same services in an action for work, labor and services alleged to have been performed under the second contract.

APPEAL by defendant from a judgment of the City Court of the City of New York, county of New York, in favor of plaintiff, entered upon a directed verdict.

*William Weintraub,* for the appellant.

*Guido J. Giudici,* for the respondent.

BIJUR, J. Plaintiff made two contracts with the defendant. The first was to furnish materials and perform work. The second was to perform certain labor only in the installation of tiling and bath tubs in bathrooms of defendant's premises. For reasons which are not germane to the present issue between the parties, plaintiff brought an action in the Municipal Court for the services and material covered by the first contract only. The defendant interposed a counterclaim which so far as material alleged the making of the second contract for labor to be furnished by the defendant and further alleged that the work was so negligently performed that " the tiling will have to be torn out and new tiling reset and new bath tubs furnished and the work done over at a cost to defendant of upwards " of some $800. In that action plaintiff was awarded the full amount claimed by it under the first contract and defendant was awarded $334.85 on its counterclaim arising out of the negligent performance of the second contract.

The present action has been brought by the plaintiff for the " work, labor and services " alleged to have been performed by the plaintiff under the second contract. The sole question presented on this appeal is whether the decision in defendant's favor for damages for the negligent performance of the work under the second contract is not a bar to the plaintiff's present suit. Although from the printed record before us it appears that the entire judgment roll in the prior action was offered in evidence, only the pleadings, decision and judgment are reprinted in the present record. In the minutes of the trial of the present action, however, there are a number of passages that indicate what was taken for granted in respect of the issue determined in the first action. Defendant's counsel said for example: " Damage was done to the very work that they are now making claim for," to which the court replied: " I will assume that for the sake of argument." At another point in the record the defendant testified that the bath tubs were ruined by washing them with acid and that the walls were defective because the mortar which held the tiles was coming out and that the condition had never been remedied. It was, therefore, apparently assumed at the trial that the labor for which plaintiff was suing was so negligently performed as to have been not merely useless in its result but to have done actual damage to some of the material furnished by the defendant and that that was the significance of the judgment in his favor on the counterclaim interposed by him in the first action.

On this state of facts the learned judge was of opinion that the judgment in defendant's favor on that counterclaim was no bar to the present suit. In his opinion he says: " The general

rule is that a recovery for services or work does not bar an action for damages or *vice versa*. A recovery upon a complaint for work done will not estop the defendant from subsequently recovering damages sustained by him as a result of the manner of performing the work and labor." There is more to the same effect, and Freeman on Judgments, fifth edition, sections 787–793, is cited as authority. The language is indeed quoted from a part of section 793. There is also cited from the notes in Freeman as a New York authority for the statement, *Sowden & Co.* v. *Murray* (114 N. Y. Supp. 164), a case relating solely to a question of pleading and which holds nothing of the kind indicated in the main proposition. Further on under the same section in Freeman are a number of statements directly to the contrary and citation of New York authorities supporting the same. The general proposition set forth by a learned judge below is not the law in this jurisdiction but the contrary as established by precedents beginning with the notable case of *Gates* v. *Preston* (41 N. Y. 113) and continuing to the present day. Many of the cases cited as authority to the opposite effect in other jurisdictions turn not so much on the logical or philosophical correctness of the conclusion reached as upon the practical injustice of a contrary holding. As for example the fact that the action for services may have been brought in the court of a justice of the peace which would not have jurisdiction over a counterclaim for malpractice and the like. All of them, however, and notably *Barton* v. *Southwick* (258 Ill. 515), recognized the fact that the general New York rule is in favor of giving to the judgment in such actions the effect of mutual estoppel.

In the last analysis of course every case in which it is claimed that a prior judgment is a bar to a subsequent action must depend in a large measure upon the precise issues previously litigated. But so far as there can be said to be a general rule in this State, it is to the effect that an action for services is a bar to a subsequent suit for malpractice and *vice versa*. In this particular case the record disclosed or was assumed to disclose that in defendant's prior counterclaim it was established that plaintiff's work was not only useless but harmful to defendant's property. Such judgment was, therefore, manifestly a bar to plaintiff's recovery for the value of these same services in the present action.

Judgment reversed, with costs, and judgment directed dismissing the complaint, with costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.