DAVID E. KAUFMAN, Plaintiff, *v.* WILLIAM K. LEVEY and Others, Defendants.

Supreme Court, Niagara County, December 19, 1931.

*Emil Rubenstein,* for the plaintiff.

*Winthrop, Stimson, Putnam & Roberts,* for the defendant Association of Army & Navy Stores, Inc.

HARRIS, J.   After judgment of foreclosure and sale, and sale under such judgment, the plaintiff seeks to amend *nunc pro tunc* the mortgage, the complaint, *lis pendens* and judgment and notice of sale herein.

The mortgage contained an error in its description, such description reciting that the premises mortgaged were the southerly twenty-two feet of subdivision lot No. 119 and the northerly thirty-eight feet of subdivision lot No. 118, according to map filed under cover No. 151, said premises being sixty feet front and rear by one hundred and thirty-two feet in depth on the west side of Fourth street, Niagara Falls, N. Y., and being known as No. 756 Fourth street.   The map filed under cover No. 151, which map is a public record, shows both sides of Fourth street and further shows that the odd-numbered lots are on the west side and the even-numbered lots on the east side of the street.   The portion of the territory on the west side of the street which adjoins the southerly twenty-two feet of subdivision lot No. 119 and which goes to make up premises known as No. 756 Fourth street is the northerly thirty-eight feet of subdivision lot No. 117 according to said map.

The defendant Association of Army & Navy Stores, Inc., which opposes the granting of relief asked on this motion, is a judgment creditor of the defendant William K. Levey, the owner of equity in the premises covered by the mortgage. Such opposing defendant contends that the court has no right to grant the plaintiff's motion on the grounds:

(a) That the granting of the motion would take property from such opposing defendant without due process of law;

(b) That reformation of the mortgage for the purpose of altering the description of land covered cannot be had after a foreclosure sale.

This opposing defendant did not answer in the action and waived notice of all proceedings except notice of sale and application for the distribution of surplus moneys. No one can dispute the proposition that under our Constitution property may not be taken without due process of law and it cannot be seriously contended that a mortgage may be reformed for the benefit of a purchaser at foreclosure sale when such reformation would cause to be inserted in a referee's deed as sold, property that was not contained in the description of the property described in the complaint concerning which foreclosure and sale is sought. But apparently the facts here do not fit the contentions of the opposing defendant. Reading the description in the mortgage, there can be no doubt that the mortgage covered the premises on the west side of Fourth street known as No. 756 Fourth street, Niagara Falls, N. Y., and that the reference to subdivision lot No. 118 in a part of the description is merely a clerical error. There can be no doubt that at any stage of the action the court has power to make the necessary amendment providing that the subject-matter contained in the amendment is one of which the court has jurisdiction and further providing that the amendment harms no one. (Civ. Prac. Act, § 105; *Northwest Engineering Co.* v. *Rappl*, 132 Misc. 497.)

If the plaintiff herein in the complaint in this action had asked for the further relief of reforming the mortgage to the extent to which he now asks amendment of such mortgage and the judgment roll herein, this court would have had jurisdiction and power to grant such relief. (*Hennessy* v. *King*, 225 App. Div. 152.) Such amendment could not have been opposed by the defendant opposing this motion because his judgment is a lien on the property owned by the judgment debtor and it is clearly to be seen that such property is a portion of the premises No. 756 Fourth street (which would be properly described as part of lot No. 117), and these are the very premises that were intended to be and are covered by the mortgage in question and which were described in the complaint.

Therefore, no substantial right of the opposing defendant will be interfered with by the granting of the relief asked on this motion.

The plaintiff may have an order amending the complaint so that it will contain a paragraph asking for the reformation of the mortgage in the manner described in the moving papers herein, and amending the judgment and the notice of foreclosure and sale herein so as to recite the description of the premises on which foreclosure was had, as follows:

" All that tract or parcel of land situate in the City of Niagara Falls, County of Niagara and State of New York, bounded and described as follows:

" Being part of Lots Nos. 39 and 40 of the Mile Reserve and being more particularly described as the southerly twenty-two (22) feet of Subdivision Lot No. 119 and the northerly thirty-eight (38) feet of Subdivision Lot No. 117 according to and as shown on a Subdivision Map of part of said Lots 39 and 40, made for Jacob F. Schoellkopf by Benjamin Rhodes in 1879, filed in Niagara County Clerk's office under Map Cover Number 151, said premises being sixty (60) feet front and rear by one hundred thirty-two (132) feet in depth on the west side of Fourth Street, one hundred ten (110) feet south of Cedar Avenue, said premises being now known as No. 756 Fourth Street, Niagara Falls, New York."