MAUDE L. WILLIAMS, Respondent, v. CLINTON A. WILLIAMS, Appellant.— In an action for separation, order denying defendant's motion, heard in the course of a trial and subsequently entered, to stay the trial of the action pending the determination of a prior action in another county for the same relief, to strike out certain paragraphs in plaintiff's reply, for judgment on the pleadings and for summary judgment insofar as appealed from affirmed, with ten dollars costs and disbursements. Order granting plaintiff's motion to consolidate this action with one pending in another county between the same parties for the same relief, so far as plaintiff was concerned, modified on the facts by pro-

viding, that within fifteen days after the entry and service of a copy of the order to be entered hereon, defendant may move to reopen the case and to adduce proof in support of his defense based on a claimed valid Maryland decree of divorce. As thus modified, the order is affirmed, without costs; but in the event of defendant's failure so to move, the order is affirmed, without modification, with ten dollars costs and disbursements. The granting of the motion, made on the trial, to consolidate the two actions, was irregular. It should have been entertained only on notice. The granting of it, however, invaded no substantial right of the defendant. The motion would be properly granted if it had been made on notice. The trial court seems to have accorded the defendant the opportunity to proceed on the merits in respect of his other defense based on the Maryland decree. The defendant, however, claims that in good faith he did not prepare for trial of the other defense because of confidence that the defense of a prior action pending was sufficient to bar the plaintiff from relief. While good faith is none too apparent, an opportunity to present his defense will again be afforded through the medium of modification of the order granting consolidation. The claimed irregular procedure in relation to the disregard of the vacatur of the discontinuance of the prior action was not to the defendant's disadvantage. The plaintiff, under the circumstances, would have been entitled to a valid discontinuance of the prior action as a matter of course. That being so, the consolidation of the two actions was of no practical importance. Likewise, on proper notice the plaintiff would have been entitled to a consolidation of the two actions, under the circumstances herein, as a matter of course. (*Gentilala* v. *Fay Taxicabs, Inc.*, 243 N. Y. 397.) Moreover, the disregard of the New York County action as well as the consolidation of the two actions operated to defendant's advantage, in that it gives him the benefit of a defense in the Queens County action which was not pleaded in the New York County action. Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.