JULIA KUEHNLE, Respondent, v. JOSEPH MALINOSKI, Appellant, and WALTER MEKODY, Respondent.— Both actions were brought for the foreclosure and sale of premises covered by the lien of the same mortgage. Action No. 1 was first instituted. The plaintiff Malinoski therein, and his wife, had executed the mortgage to one Buchaniec to secure the payment of $4,000 in 1929. In 1933 an assignee of the mortgage assigned it and its accompanying bond to the original mortgagee Buchaniec, and one Julia Kuehnle (the latter being the plaintiff in action No. 2), wherein it was agreed and stated that the interest of Buchaniec "in said mortgage amounts to the sum of $1,200, with interest on such sum, and the interest of Julia Kuehnle in such mortgage amounts to the sum of $2,800, with interest on such sum." This latter assignment was duly recorded on June 2, 1933, and thereafter Malinoski made payments to Kuehnle on account of her separate participating interest. On April 1, 1942, the said Malinoski, then a widower, conveyed to the defendant Walter Mekody, a part of the mortgaged premises, and therein the latter assumed the payment of the whole amount unpaid upon the mortgage. Shortly thereafter and on May 27, 1942, the aforesaid Buchaniec executed a release to Malinoski of the part of said mortgaged premises which the latter had excepted from his con-

veyance to Mekody. This release was not signed or otherwise joined in by Julia Kuehnle, the owner of the other participation. By an instrument dated the following day, May 28, 1942, Buchaniec assigned to Malinoski all his right, title and interest in said mortgage and covenanted therein that there was unpaid and due on his said interest the stated amount of his participation as declared in the assignment to him and Kuehnle. In action No. 1 Malinoski sought the foreclosure and sale of only those parts of the mortgaged premises which he had conveyed to Mekody. Throughout all the transactions aforesaid the mortgage interest of Julia Kuehnle, plaintiff in action No. 2, was unaffected and as to the same the mortgage lien on the whole premises continued. The ownerships of the separate participations by Buchaniec and Kuehnle were such that the former's release of a part of the mortgaged premises to Malinoski, the original debtor, was ineffectual to destroy the lien of the mortgage as it secured the payment of the other participation owned by Kuehnle. (*Burnett* v. *Pratt,* 22 Pick. 556 [Mass.], quoted with approval in *The People* v. *Keyser,* 28 N. Y. 226, 230; *McPherson* v. *Rollins et al.,* 107 N. Y. 316; *Waterman et al.* v. *Webster et al.,* 108 N. Y. 157.) The mortgage was properly held not susceptible to separate foreclosures as regards its separate ownerships. All the rights and equities of all interested parties were properly before the court in action No. 2. The two actions were tried together. Action No. 1 was properly dismissed, and the judgment meticulously observed and effectually provided for and guarded the rights and equities of all parties. Judgment affirmed, with costs. All concur. [See *post,* p. 791.]