■ W. J. Mc Evily Plumbing and Heating Contractor, Inc., Respondent v City of Rochester, Appellant.—Order unanimously modified, on the law, in accordance with memorandum and as modified affirmed, without costs. Memorandum: Special Term correctly determined that, for the purposes of appellant's CPLR 3211 (subd [a], par 4) motion for an order dismissing the complaint, the causes of action alleged are not the same causes of action as those alleged in a prior action pending between the parties. With respect to the pleadings in the prior action between the parties since no counterclaim has been interposed, and to so plead remains as an available prerogative *(National Fire Ins. Co. of Hartford v Hughes,* 189 NY 84, 92; *Burnstine v Geist,* 257 App Div 792, 794), full relief is not accorded respondent because recovery for it is at present contingently limited to participation in any judgment fund which may therein be awarded. In the instant action, direct relief by way of a money judgment for alleged contract damages is sought, unfettered by any contingency or limitation existent in the prior pending action between the parties and others. Absent complete relief in the prior action, the two actions may not be construed as the "same action" under the principles of *National Fire Ins. Co. of Hartford v Hughes (supra)* to sustain appellant's CPLR 3211 (subd [a], par 4) motion for dismissal. Special Term improperly granted an order directing a separate trial of the instant action in the absence of a motion, required by CPLR 603, with appropriate notice to interested parties *(Singer v Singer,* 33 AD2d 1054, 1055; *Williams v Williams,* 268 App Div 1070, 1071; *Malinoski v Mekody,* 48 NYS2d 940, 945, affd on other grounds 269 App Div 717). In view of appellant's objection raised on this appeal and the lack of a clear record as to what transpired upon oral argument and postargument submissions at Special Term, an opportunity for full and complete presentation on the issue of consolidation or joint trial should be granted appellant, if he is so advised. (Appeal from order of Monroe Supreme Court denying motion to dismiss complaint in action on contracts.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.