OPINION OF THE COURT
Edward O. Provenzano, J.
In a mortgage foreclosure action, defendant Contractors Ornamental Steel Co., Inc. (hereinafter "Contractors”) has moved, pursuant to CPLR 3211 (subd [a], par 4), to dismiss plaintiff’s cause of action against said defendant on the *866 grounds that there is another action pending between the said parties for the same cause of action.
It appears that plaintiff ("Marine”) commenced this action, as against defendant Contractors, by service of "process” (presumably an amended summons [which should instead have been a supplemental summons — see CPLR 305, subd (a)] and an amended complaint) on May 25, 1977. By order of another Justice of the court, dated May 5, 1977, a lis pendens previously filed on April 18, 1977 had been amended nunc pro tunc to that date to include Contractors as a party defendant. Contractors contests the court’s jurisdiction to make such nunc pro tunc amendment of the lis pendens (see Van Tuyl v New York Real Estate Security Co., 153 App Div 409, affd 207 NY 691; 13 Carmody-Wait 2d, NY Prac, §§ 87:36-87:37, pp 495-496; but, see, Kaufman v Levey, 142 Misc 243) and plaintiff, on the other hand, relies heavily on such amendment. Both parties apparently assume that the filing of a lis pendens constitutes the "pendency of an action” for the purposes of CPLR 3211 (subd [a], par 4). The court does not agree. It has been held that no action is pending where a lis pendens and complaint have been filed but no summons has been served. (See Nosrep Corp. v Clinton Securities Corp., 193 App Div 878; Cohen v Biber, 123 App Div 528; Mentz v Efficient Bldg. Corp., 145 Misc 505; see, also, Shapiro, Inc. v Milspemes Corp., 20 AD2d 857.)
The mortgage which plaintiff seeks to foreclose covers real property at the northwest corner of East Avenue and Strathallan Park in the City of Rochester. On April 27, 1977 Contractors commenced an action to foreclose a mechanic’s lien on the same premises, naming and serving Marine as a party defendant. Contractors’ alleged incapacity to maintain such action is one of Marine’s "demurrer” motions in said action which are before another Justice of the court for resolution. Contractors’ present motion is readily determinable, however, irrespective of the disposition of Marine’s said motions in the lien foreclosure action.
Marine’s mortgage was recorded in November, 1972 and a consolidation, extension and modification thereof was recorded in October, 1975. Contractors filed its mechanic’s lien in February, 1976. The relief which plaintiff seeks here, foreclosure of its mortgage, cannot be obtained in Contractors’ lien foreclosure action. Therefore, although there is a prior pending action between the parties it is not "for the same *867 cause of action” within the meaning of the statute. (See National Fire Ins. Co. v Hughes, 189 NY 84; McEvily Plumbing & Heating Contr. v City of Rochester, 50 AD2d 1083; Cornell v Bonsall, 176 App Div 798.) The pendency of an action to foreclose a junior mortgage is not a demurrable defense to an action to foreclose a senior mortgage. (Guilford v Jacobie, 69 Hun 420.) Contractors’ motion to dismiss is denied without costs.