■ RENNERT DIANA & CO., INC., Plaintiff, v KIN CHEVROLET, INC., Appellant-Respondent, and WILLIAM KREIZEL, Doing Business as DELONG REALTY COMPANY, et al., Respondents-Appellants.—In an action to recover a real estate broker's commission, the defendant Kin Chevrolet, Inc. (hereinafter Kin) appeals from so much of a judgment of the Supreme Court, Queens County (Graci, J.), dated January 14, 1986, as awarded the defendant William Kreizel, doing business as DeLong Realty Co. (hereinafter Kreizel), judgment on his cross claim against Kin after a nonjury trial, and (2) Kreizel cross-appeals, as limited by his brief, from so much of the same judgment as denied him a recovery for the cost of repairs as an element of damages of his cross claim against Kin. This appeal brings up for review an order of the same court (Lerner, J.), dated October 15, 1985, which denied Kin's motion to consolidate the instant action with an action pending in the Supreme Court, Kings County, and to change the venue of the consolidated action to Kings County (see, Matter of Aho, 39 NY2d 241).

Ordered that the judgment is affirmed, without costs.

The court did not abuse its discretion in denying, as untimely, Kin's motion to consolidate the instant action with a declaratory judgment action pending in the Supreme Court, Kings County, and to direct that the venue of the consolidated action be in Kings County. Kin initially moved for consolidation in November 1983 but that motion was denied with leave to renew on proper papers. Kin did not renew the motion until October 1985 when the instant action had been marked "final" for trial. Since substantial delay would have resulted from consolidation of the actions, denial of the motion was warranted (see, e.g., Steuerman v Broughton, 123 AD2d 681; Halpern v Rodway, 3 AD2d 941).

Kin contends that the court erred in granting judgment to Kreizel on his cross claim, which alleged a conspiracy by Kin and the plaintiff to breach the lease between Kin and DeLong Realty Corp. because there is no tort of civil conspiracy (see, e.g., Weissman v Mertz, 128 AD2d 609, appeal dismissed 69 NY2d 1036, lv denied 70 NY2d 607), nor is there a cause of action against a contracting party for conspiracy to breach the

agreement between them. *(see, e.g., North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171). However, since the court may *sua sponte* amend the pleadings to conform to the proof *(see, e.g., Stern v Stern,* 114 AD2d 408; CPLR 3025 [c]), we find no error in the court's decision to treat the cross claim of conspiracy to breach the lease as a simple breach of lease claim. Kin's allegation of prejudice is unpersuasive. The cross claim put Kin on notice that a breach of the lease was alleged and that the breach entailed permitting a subtenant to occupy the premises without the required consent of the landlord Kreizel.

In addition, Kin contends that the cross claim should have been dismissed because Kreizel had raised a breach of lease claim in the pending Kings County action. We note that Kin failed to raise the defense of another pending action in its answer and failed to timely move for dismissal on this ground. Therefore this defense was waived *(see,* CPLR 3211 [a] [4]; [e]). Furthermore, since the motion to consolidate had been properly denied, the trial court did not err in reaching the merits of the cross claim.

We find no error in the court's decision to deny Kreizel, as an element of damages, the cost of repairs to the premises leased to Kin. Although Kreizel testified to the total cost of repairs, he did not qualify as an expert in the field and failed to present competent proof of the fair and reasonable value of the services rendered to make those repairs *(see,* Richardson, Evidence § 364 [Prince 10th ed]; *Teerpenning v Corn Exch. Ins. Co.,* 43 NY 279). Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.