OPINION OF THE COURT
Susan T. Kluewer, J.
Plaintiffs separately commenced these small claims actions against the same defendant, each originally suing for $3,000. At trial, where they were represented by one attorney, *257 plaintiffs requested that their two actions be jointly heard, which request, upon defendant’s consent, I granted. For the reasons set out below, not only is joinder of these actions for trial proper, it is also clear that the two plaintiffs interpose one claim for relief. Thus, while I find that plaintiffs are entitled to recover on that one claim, their joint damages are limited by UDCA 1801 to $3,000.
In the spring or summer of 2001, plaintiffs entered into what they have properly termed a “joint venture” (see Natuzzi v Rabady, 177 AD2d 620 [2d Dept 1991]; Forman v Lumm, 214 App Div 579 [1st Dept 1925]) for the purchase of a condominium. Both of them executed the undated document by which they agreed to jointly purchase the condominium from defendant, a real estate broker who held title to the property. Plaintiff Moore, the only plaintiff to take the stand at the joint trial, testified that he and his coventurer, plaintiff Schwartz-man, each gave defendant $3,000 toward the $6,000 down payment. He further testified it was his and Ms. Schwartz-man’s intention to “flip” the property as soon as possible, and that, in that regard, defendant authorized them to fix up the condominium, rent it out, and collect the rents prior to the intended closing. Plaintiffs paid some rent to defendant as if they were tenants, but, in reliance on their preclosing understanding with her, they also made improvements at the condominium, and they made a lease with two tenants, from whom they collected rent.
For reasons that are not pertinent here, plaintiffs and defendant terminated the contract for the sale of the condominium. The parties tacitly agreed to make adjustments on account of the improvements plaintiffs made, and the rents they paid and collected, against the $6,000 down payment to be returned to them. Before the parties were able to agree on the net amount, however, defendant tendered a check, dated October 1, 2001 in the amount of $4,839 made payable to plaintiffs jointly, which defendant sent under cover of letter dated October 10, 2001. Also under cover of that letter, defendant sent an accounting of how she arrived at the amount tendered, an accounting plaintiffs submitted at trial. They also at trial tendered their own accounting, which, although similar in amount to that made by defendant, consists of larger credits and larger deductions. And while, as noted above, they originally by their two actions sued for return of the entire $6,000 down payment, at trial they by implication amended their collective requests for relief so as to conform with their accounting. The parties *258 are in court, however, not because of the differences in their accountings, but because defendant stopped payment on the check she tendered. Defendant asserted at trial that she did so because plaintiffs continued to collect rent from the tenants of the condominium after the parties agreed to terminate the contract, even as she inconsistently, and somewhat incredibly, asserted that she had not authorized plaintiffs to rent the apartment at all.
It appears that plaintiffs did accept rent from the tenants in November 2001, after the parties agreed to rescind the contract of sale but apparently before plaintiffs accepted defendant’s accounting and before they tried to cash the check defendant had tendered. Moreover, not only does defendant’s own evidence indicate that plaintiffs had been uncertain about the proper way to proceed with respect to the November 2001 rent, the parties are now in complete agreement about the amount of rent — $8,000—that plaintiffs collected overall, including the rent they collected in November 2001. In any event, plaintiffs’ collection of the November 2001 rent hardly justifies defendant’s wholesale refusal to settle accounts. And, by the two ac-countings, the parties express their disagreement about the amount to credit for such items as the rent plaintiffs paid to defendant, and for the improvements plaintiffs made.
Plaintiffs’ accounting, supported in part by documentation, is the more credible and complete one. For instance, while defendant credited plaintiffs with only $300 for the carpet they installed, plaintiffs have demonstrated that that particular improvement cost them $1,363.95. And, just as plaintiffs’ accounting includes the total amount of rent they collected, thus casting doubt on the legitimacy of defendant’s excuse for ultimately refusing to account, plaintiffs’ accounting also includes such items as repairs and additional rent plaintiffs paid to defendant, who at trial made no objection to, and had no comment about plaintiffs’ accounting. To-the-penny accounting is not required here, however, for, as noted above, while it is clear that plaintiffs are entitled to more than $3,000, I can award them no more than that.
A party may not split a cause of action in order to circumvent the $3,000 jurisdictional limit applicable to a small claims action (see Hartley v Paul Props., 88 Misc 2d 205 [Binghamton City Ct 1976, Vitanza, J.]; cf. Board of Mgrs. of Mews at N. Hills Condominium v Farajzadeh, 185 Misc 2d 353 [Nassau Dist Ct 2000, Gartner, J.]). True, each plaintiff in this case is a separate person contributing separate property to a joint *259 venture, but each nonetheless sues as part of that joint venture, a concept in law akin to that of a partnership, and one that is thus to be regarded as having the same liabilities and rights as a partnership (see Forman v Lumm, supra). As with a member of a partnership, a joint venturer has no personal cause of action against a third party for recovery of a debt owed the joint venture, and he or she must bring the action against the debtor for the benefit of the joint venture (see Credit Francais Intl., S.A. v Sociedad Financiera de Comercio, C.A., 128 Misc 2d 564, 582 [Sup Ct, NY County 1985, Greenfield, J.]; cf. Kirschbaum v Merchants Bank, 272 App Div 336 [1st Dept 1947]; and see Partnership Law § 115). The fact that joint venturers have agreed to share in a particular manner money recovered in an action brought for the benefit of the joint venture does not work to confer subject matter jurisdiction it does not otherwise have on the court hearing the claim (cf. Matter of Fry v Village of Tarrytown, 89 NY2d 714 [1997]; see also Cuomo v Long Is. Light. Co., 71 NY2d 349 [1988]).
Plaintiffs here have one “joint venture” claim arising from a single, albeit terminated, transaction with defendant, who interposed one blanket defense (see Kirschbaum v Merchants Bank, supra; Forman v Lumm, supra; Credit Francais Intl., S.A. v Sociedad Financiera de Comercio, C.A., supra; cf. West-bury Wholesale Produce Co. v Maine Maid Inn, 186 Misc 2d 911 [Nassau Dist Ct 2000, Gartner, J.]). Under the principle of substantial justice applicable to the claim plaintiffs elected to bring in Small Claims Court (see UDCA 1804), that defense, as noted above, is insufficient to negate liability. And, defendant, who appears pro se, does not assert as a partial defense either that plaintiffs are in effect splitting their joint cause of action, or that that single, joint claim is in excess of the $3,000 jurisdictional limit applicable to a small claims case. But, because the limit plaintiffs are trying to avoid is related to the subject matter jurisdiction of the Small Claims Court, it is proper to raise the issue sua sponte (see Fry v Village of Tarry-town, supra; see also Izzi v Dolgin, 42 AD2d 966 [2d Dept 1973]). Since I have no authority to award more than $3,000 to plaintiffs in the context in which this matter was litigated (UDCA 1801), their award is limited to that amount (see Izzi v Dolgin, supra).
In accordance with the combined short form judgment signed herewith, plaintiffs are entitled to one judgment in the amount of $3,000, together with interest on that amount from December 1, 2001, the earliest date upon which the termination of the *260 contract of sale can be deemed to have become complete (see CPLR 5001 [b]).