Gonzales v Verna (2024 NY Slip Op 24114)

[*1]

Gonzales v Verna

2024 NY Slip Op 24114

Decided on April 10, 2024

Justice Court of the Village of Montebello

Gobetz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 10, 2024
Justice Court of the Village of Montebello

Maura Gonzales,

against
Frantz Verna.

Docket Nos. 24010040, 24010041

Kenneth C. Gobetz, J.

This Decision is entered after a bench trial held on March 14, 2024.
In these two cases Plaintiff, Maura Gonzales, claims that the Defendant, Frantz Verna, failed to return a $5,000.00 security deposit for a lease that was never executed. In Case No. 24010040, Plaintiff seeks the return of $3,000.00 and in Case No. 24010041, Plaintiff seeks the return of $2,040.00.
These small claims actions were filed on January 11, 2024. The return date was scheduled for February 8, 2024. On February 8, 2024, the parties appeared and the Court held a conference with the parties to attempt an amicable resolution of this dispute. When no resolution was reached, the Court advised both parties that trial would be held in this matter on March 14, 2024, and advised the parties to have all proposed documentary evidence and witnesses present at the March 14, 2024, trial.
On March 14, 2024, Plaintiff appeared but the Defendant did not. Defendant was found to be in default and the trial proceeded.
Plaintiff testified that she was considering a lease for the residence located at 547 Haverstraw Road, Montebello, New York ("the Property"). The lease was to be signed by Plaintiff and Defendant on September 1, 2023, for tenancy beginning on September 1, 2023. Plaintiff further testified that she gave the Defendant $5,000.00 in cash on August 28, 2023, as a deposit for the proposed lease. At the trial, Plaintiff introduced an original handwritten receipt signed by Defendant stating, "I, Frantz Verna received from Mrs. Gonzales, Maura Edelmira, the amount of $50000.00 (sic) toward the rent." Plaintiff testified that the amount given to Defendant was $5,000.00, and not $50,000.00.
Plaintiff testified that she returned to the Property on August 29, 2023. She testified that during an inspection of the Property on August 29, 2023, the Property was "smelly", and she observed mold on the walls of the basement and the second floor of the Property. She was able to identify the mold because of her work experience cleaning commercial buildings. On August 29, 2023, she informed the Defendant that she no longer wished to rent the Property and asked for the return of the deposit.
Plaintiff testified that Defendant refused to return the deposit unless Plaintiff provided him with a notarized receipt for the return of the deposit. Plaintiff obtained the notarized receipt, but Defendant refused to accept the notarized document. This document was introduced into evidence at the trial. Despite Plaintiff's repeated demands, Defendant refused to return the deposit.
Defendant's daughter, Diana Gonzales, also testified at the trial. She testified that she and her family were going to occupy the Property if a leased was signed. She testified that she visited [*2]the Property on August 29, 2023, and noticed the house was "very smelly." She also observed broken windows on the second floor and that the dining room had been converted into a bedroom. She testified that she did not want to lease the Property.
Finally, at Plaintiff's request, the Court subpoenaed Detective Sergeant Ronald Charles. Detective Sergeant Charles works as a community outreach officer for the Spring Valley Police Department. Detective Sergeant Charles testified that he was contacted by the Plaintiff and that he attempted to resolve the dispute between the parties. Detective Sergeant Charles testified that he spoke with the Defendant during the beginning of September 2023 and that the Defendant told him that he was not going to return the deposit to Plaintiff without court proceedings.
Based upon the testimony and documents received into evidence at the trial, the Court makes the following findings of fact.
1. Plaintiff gave the Defendant a cash deposit of $5,000.00 for a lease to be executed for a residence located at 547 Haverstraw Road, Montebello, New York ("the Property").
2. No lease was executed by the Parties for the Property.
3. Plaintiff requested the return of the deposit.
4. Defendant acknowledged that he holds the deposit and has refused to return the deposit to Plaintiff.
5. Defendant failed to appear at trial in this case after being orally advised by the Court of the trial date on February 8, 2024.
Discussion/Legal Analysis
In small claims actions, this Court should do "substantial justice between the parties." See Uniform Justice Court Act, §1804. Defendant's failure to appear at the trial in this matter constitutes a default. A trial was held to determine whether Plaintiff could make out a prima facie case.
Under New York law, a security deposit remains the property of the tenant and must be returned to the tenant at the conclusion of the tenancy. General Obligations Law §7-103(1). When a proposed lease is never executed, the landlord must return the security and rent deposit. Rivertower Assoc. v. Chalfen, 153 AD2d 196, 199, 549 N.Y.S.2d 719, 722 (1st Dept. 1990): see also Rodriguez v Curtis Chance Realty, 2020 NY Misc. LEXIS 1730, *3 (App. Term 2d Dept 2020); Sidnam v. Washington Square Realty Corp., 95 Misc 2d 825, 826 (App. Term 1st Dept. 1978). On the facts established at trial, Plaintiff is entitled to judgment on Case No. 24010040. Plaintiff established that she gave the Defendant $5,000.00 in anticipation of executing a lease for the Property. No lease was executed. Accordingly, the deposit remained the property of the Plaintiff and Defendant must return the deposit.
Case No. 24010041 presents a different issue. The claim in Case No. 24010041 concerns Defendant's retention and commingling of the deposit in excess of $3,000.00 contrary to General Obligations Law §7-103(1). The Court has jurisdiction over the claim. Plaintiff filed a notice of small claims action on January 11, 2024, and paid the required filing fee. The amount sought is less than $3,000.00. Process was issued by the Clerk of the Court and Defendant appeared on February 8, 2024 (although he did not appear for trial).
The question presented is whether Case No. 24010041 constitutes impermissible splitting of a cause of action. In general, a party may not split a single claim into separate lawsuits. The prohibition against cause splitting is intended to prevent vexatious and oppressive litigations. Brinkman v. Oil Transfer Corp., 185 Misc. 257, 260 (Sup. Ct. 1945). This judge-made rule [*3]recognizes exceptions as the justice of a case requires because a rigid application of the rule against splitting of causes of action could produce injustice. White v. Adler, 289 NY 34, 43 (1942).
The prohibition against cause splitting does not apply in this case for two reasons. First, the defense of claim splitting is waived if it is not affirmatively raised by the Defendant. Hubshman v. 1010 Tenants Corp. 2012 NY Misc. LEXIS 4590 (Sup. Ct. 2012). "It is well settled that the rule against splitting a cause of action may be waived by the defendant, since it is for his benefit, and that the defendant may effectively waive the enforcement of the rule by either expressly or impliedly consenting to the institution of separate actions." Doline v. Washington Motors, Inc., 73 N.Y.S.2d 541, 542 (Sup. Ct. 1947). In Case No. 24010041, the affirmative defense was not timely raised and is, therefore, waived. Rennert Diana & Co. v. Kin Chevrolet, Inc., 137 AD2d 589, 590, 524 N.Y.S.2d 481, 482 (2d Dept. 1988). The default against the Defendant operates as an express or implied waiver.
Second, allowing Defendant to retain any part of the deposit would not do "substantial justice between the parties." The rationale for the limitation on cause splitting is:
Until judgment is rendered in an action there is nothing determined between the parties and nothing to prevent either party from taking such further or other action relating to his claimed rights and equities as he may feel inclined, except that he shall not unnecessarily harass and annoy the other party to the suit already commenced.
National Fire Ins. Co. v. Hughes, 189 NY 84, 89 (1907); see also Weinstein-Korn-Miller, 7 New York Civil Practice: CPLR ¶ 3211.19 (2024). Judged under this standard, the Plaintiff has not "unnecessarily harass[ed] and annoy[ed]" Defendant. The rationale for application of the rule does not exist in this case. Id. at 87 ("a person interposing it must clearly show himself within the reason for its enforcement").
In Case No. 24010041, there was no risk of vexatious and oppressive litigations because both cases were filed on the same day and tried together. 40 Broad Assoc. No. LLC v. 40 Broad Commer., LLC, 2018 NYLJ LEXIS 3992, *7 (Civ. Ct. 2018)(rule against claim splitting did not apply where two cases were pending simultaneously). Under the applicable law, the deposit always remained Plaintiff's property and Defendant never obtained any colorable claim to withhold the deposit. A commingling of the deposit with the defendant's funds is a separate violation of General Obligations Law §7-103(1). The testimony of Detective Sergeant Charles establishes that Defendant refused to return Plaintiff's property without court action. Consistent with Uniform Justice Court Act, §1804, and as the authorities cited above establish, the judge-made rule should not be applied if it would result in injustice. White, 289 NY at 43, citing, State v. Superior Court, 145 Wash. 576, 579 ([i]t has even been said that exceptions should be recognized 'as the evident justice of the particular case requires'"); National Fire Ins. Co., 189 NY at 87 (cause splitting is not a bar where complete relief cannot be granted in the first action).
This Court has reviewed Moore v. Pecora, 191 Misc 2d 256 (Dist. Ct. 2002). In Moore, the court excused a defendant's failure to raise the cause splitting defense and limited recovery on two joined cases to $3,000.00.[FN1]
As set forth above, that is not the law. Precedent establishes that this defense is waived if not affirmatively asserted by the defendant. Rennert Diana & Co. v. [*4]Kin Chevrolet, Inc., 137 AD2d 589, 590, 524 N.Y.S.2d 481, 482 (2d Dept. 1988).
Further, this Court does not concur with the rationale set forth in Moore for applying the rule. Moore applied the rule asserting that it was necessary to do so because the plaintiffs were trying to "avoid the subject matter jurisdiction of the Small Claims Court." The rule against claim splitting does impact the jurisdiction of the Village Court over cases. As set forth above, this Court has jurisdiction over Case No. 24010041, and it is not divested of jurisdiction by the existence of a potential defense to the claim therein asserted.
Finally, the rule against splitting of causes of action does not exist to prevent circumvention of a court's jurisdiction. As the authorities cited above demonstrate, the rule against cause splitting is intended to prevent harassment through successive litigations. The rule should not be applied unless the person interposing it clearly shows himself to be within the reason for the enforcement of the rule. National Fire Ins. Co., 189 NY at 87. In this case, defendant cannot demonstrate the existence of repetitive litigations. See A & J Enter. v. Business Applications Outsourcing Techs., 2005 NYLJ LEXIS 4880, *7 (Dist. Ct. 2005)("[t]his Court finds the plaintiff has not split a cause of action by filing four simultaneous claims arising out of a divisible contract").
Accordingly, in Case No. 24010040 Plaintiff is entitled to a Judgment against Defendant in the amount of $3,000.00, plus the costs of this action, and shall have execution therefor.
In Case No. 24010041 Plaintiff is entitled to a Judgment against Defendant in the amount of $2,000.00, plus the costs of this action, and shall have execution therefor.
The foregoing constitutes the decision of the Court.
Dated: April 10, 2024
Montebello, New York
ENTER
HON. KENNETH C. GOBETZ,
Village Justice

Footnotes

Footnote 1: Unlike Moore, Case Nos. 24010040 and 24010041 were not joined or consolidated.